# CHARLESTON

## STATE v. HAYS.

Submitted February 4, 1908.    Decided March 10, 1908.

1.  ATTORNEY AND CLIENT—*Misconduct—Disbarment.*
    Gross infidelity by a prosecuting attorney to his trust and duty as such officer, being connected with his character as an attorney, is misconduct for which his name may be stricken, by summary process, from the roll of attorneys entitled to practice in a court. (pp. 48, 52.)

2.  SAME.
    Indictment and conviction for the offense which constitutes such misconduct are not essential to justify such action by summary process.   (p. 50.)

3.  SAME—*Procedure.*
    In such case, formal allegations and technical descriptions of the misconduct are not required. It is sufficient that defendant is plainly charged and reasonable notice given him to answer. (p. 48.)

4.  SAME—*Limitations.*
    Such charge of misconduct, as ground of disbarment as aforesaid, is not subject to the defense of the statute of limitations as a matter of law, nor is the place of such misconduct material.   (p. 50.)

5.  SAME.
    Misconduct which justifies action as aforesaid is such as shows the attorney to be unworthy of public confidence and an unfit person to be entrusted with the duties of the profession.   (p. 48.)

Error to Circuit Court, Calhoun County.

Disbarment proceedings by the State against G. W. Hays. From a judgment against defendant, he brings error.

*Affirmed.*

WARREN MILLER, for plaintiff in error.

ROBINSON, JUDGE:

The judgment complained of is as follows: "It is considered and ordered that the name of the defendant be stricken from the roll of attorneys, practicing in this court in Calhoun county, and that he be prohibited from practicing as an attorney in the Circuit Court of Calhoun County for the term

of five years." This resulted by summary proceedings against defendant, in the court aforesaid, based upon an affidavit of one C. N. Nicholson.

Defendant, by rule, was cited to appear at a specified day "to show cause if any he can why he should not be attached and fined for his contempt of said Court in this, to-wit: that the said G. W. Hays while prosecuting attorney of this County received from C. N. Nicholson at divers times and places several sums of money, for the privilege of keeping a speakeasy in this county free from interference by the said Hays as such prosecuting attorney, and that pursuant to the payment of the several sums of money aforesaid by the said Nicholson to said Hays he was permitted by said Hays to keep and conduct a speakeasy in this county and was permitted by said Hays to sell intoxicating liquors in said County without a State license therefor without being molested in his said business of keeping a speakeasy, or prosecuted therefor by said Hays, as such prosecuting attorney, which conduct of said Hays in agreeing with said Nicholson and receiving money from him as aforesaid constituted and was misbehavior of the said G. W. Hays as an officer of this Court and of this County in his official character as an officer of this Court and as such prosecuting attorney and also to show cause if any he can why the privilege heretofore granted to him to practice law as an attorney in this Court shall not be revoked because of his misbehavior aforesaid as an officer of this Court and as such prosecuting attorney in his official character as such officer of the Court and such prosecuting attorney."

The allegations and substance of the rule are thus set forth at large, because the case, as presented to us, turns wholly upon its sufficiency and the regularity of the proceedings. Ample time was given to answer, and no point is raised on this score. Defendant appeared and moved to quash the rule. This motion was overruled, and the defendant entered a plea of not guilty as charged therein. His demand for a jury was not sustained, trial by the court was had, and the judgment aforesaid followed. Defendant does not bring before us the evidence upon which such judgment is based, but rests his case wholly upon the assignment that the court below erred "in refusing to quash the rule issued against him in

said proceeding; in refusing to dismiss said proceeding; in pronouncing and entering judgment against petitioner upon said rule; and in refusing to set aside and vacate said judgment."

It is insisted that there is fatal duplicity in the rule; that it calls upon defendant to answer two distinct acts, which, if they be offenses, may be punished by different and distinct penalties. But we cannot concur in such proposition. It is untenable. The rule alleges but one distinct act, that of misbehavior of an attorney in his official character as such. The act alleged is that of infidelity to the profession to which defendant belonged and breach of the trust imposed upon him by such relation. It is true the rule charges that which is a contempt, calls upon defendant to answer therefor, and then further calls upon him to answer, because of such contempt, why his right as an attorney at that bar should not be revoked. Yet this is but one charge. And defendant is called upon to answer it alone. In this there is no duplicity. The fact that proof or admission of the charge may not only cause him to be punished for the contempt, but also take from him his privilege as an attorney, does not show duplicity. This is not dissimilar to different judgments that may be pronounced upon proof of the allegations of an indictment charging a single offense. Duplicity relates to averment or allegation, not to judgments which may be founded thereon.

Whether, as contended, the contempt charged in the rule is punishable only by indictment, and not by summary proceeding upon a rule, we are not here called upon to decide. Be that as it may, we must observe that, while defendant was cited to show cause why he should not be attached and fined for the contempt of the misconduct of attorney therein charged, he was not so attached and fined. Of this he cannot complain. Matters relative to treating the alleged misconduct as contempt are not for our consideration. We must look to the final judgment, and consider only the validity and propriety of it. That judgment is suspension of right to act as attorney in the court below—nothing more. Defendant is not prejudiced by the allegations of a contempt, since he has not been punished therefor. But are these same allegations sufficient, if proved, to justify suspension of right to act as attorney? This is the question, and the only one, with which

we have to deal. Whatever may have been the original pur-purpose of the proceeding, we can only consider that into which it was clearly converted, namely, a summary proceed-ing to suspend the right of defendant to practice as an attor-ney in said court. That part of the rule which relates to contempt may now be properly treated as surplusage and of no material effect.

The rule is reasonably specific, direct and positive in set-ting forth the misconduct with which defendant, as an officer of the court, is charged. Formal allegations and technical descriptions of the misconduct charged are not necessary. For this proposition, there is eminent authority. In this con-nection, and as applicable to the whole of the proceeding now under our consideration, let us quote the eminent Mr. Justice Field, in *Randall* v. *Brigham*, 7 Wall. 523: "It is not neces-sary that proceedings against attorneys for malpractice, or any unprofessional conduct, should be founded upon formal allegations against them. Such proceedings are often insti-tuted upon information developed in the progress of a cause; or from what the court learns of the conduct of the attorney from his own observation. Sometimes they are moved by third parties upon affidavit; and sometimes they are taken by the court upon its own motion. All that is requisite to their validity is that, when not taken for matters occurring in open court, in the presence of the judges, notice should be given to the attorney, of the charges made, and opportunity afforded him for explanation and defense. The manner in which the proceeding shall be conducted, so that it may be without oppression or unfairness, is a matter of judicial reg-ulation."

Can there be question that the allegations of the rule show a state of facts most applicable to the exercise of the power of the court over the conduct of attorneys at its bar? Such power independent of our statutory provisions, is sustained in *State* v. *McClaugherty*, 33 W. Va. 250. It is there held: "When an attorney commits an act, whether in the discharge of his duties as an attorney or not, showing such a want of professional or personal honesty as renders him unworthy of public confidence, it is not only the province but the duty of the court, upon a proper presentation of the case, to strike his name from the roll of its attorneys. But the base charac-

ter which will justify such action must be such as shows the attorney to be an unsafe and unfit person to be entrusted with the powers of the profession." Do not the allegations against the defendant, speaking from them, and presuming, as we must, in the absence of the evidence, that they are fully supported by it, show such a want of professional and personal honesty as renders defendant unworthy of public confidence? He is shown to have been not simply a practicing attorney, but more. He was the public prosecutor—the attorney for the people. He was charged with the enforcement of the law and the maintenance of order and good government. Yet, it is shown, he was untrue to the trust. We cannot differentiate between his character of an attorney and that of such county official, as some argument advanced indicates should be done. Such public relation only aggravates the offense charged against him. The mere fact that he is liable to indictment for malfeasance in office, and to removal therefrom, does in no way affect the power and duty of the court to strike his name from the roll of attorneys for the same misconduct for which he could be, also, both indicted and removed. It is all the more reason why his name should be stricken from the roll that the misconduct which unfits him is a breach of fidelity to the public, whose welfare he is sworn to maintain. Is not such infidelity even worse than breach of trust to a single client? No one will deny the power and duty of a court to strike from the roll the name of one who fails to maintain fidelity to the personal trust of a single client's interest. How much more important is the duty to exercise this power when the infidelity or misconduct relates to an attorney charged, not only by the honor and oath of an attorney at the bar, but also by the dignity and oath of a public official, in an office calling for the exercise of highest qualities as an attorney!

Proceedings of this character are not criminal cases. The strict rules of criminal pleading do not apply. The failure to allege directly that the misconduct was in the county of Calhoun, as urged in argument, does not alter the sufficiency of the allegations of misconduct. It does not matter where the misconduct occurs. One shown to be guilty of such misconduct as an attorney in the most far away realm, should for that misconduct, be deemed equally unfitted to be entrust-

ed with important private interests, or to be an official attorney, in this commonwealth. Nor does time have to be specifically averred, as it does not pertain to the charge. *In re Lowenthal*, 78 Cal. 427, it is held, consistent with authority generally: "A charge of misconduct against an attorney as ground of disbarment is not subject to the defense of the statute of limitations as matter of law; though the court might not be willing to disbar or suspend an attorney if it appeared that there had been unreasonable delay in the presentation of the charges, so that a fair opportunity could not be had for procuring the witnesses and meeting the accusation." The lapse of more than one year relied upon by defendant, the judgment further reciting that his term of office as such prosecuting attorney expired December 31, 1904, cannot avail upon motion to quash the rule, or to set aside the judgment, particularly without the evidence before us. Clearly, where evidence shows a turning of one from wrong to right, a "living down" of gross errors, after a sufficient length of time, in which there is plain demonstration of such disposition to pursue the even tenor of his way, an attorney's name should not be stricken from the roll. "It is never too late to mend."

The serious question that has arisen, although not presented in the brief of argument for defendant, is whether the summary proceeding here invoked is proper before indictment and conviction of defendant for the grave offense charged as misconduct. We confess having had deepest concern as to this. We observe in 3 Am. & Eng. Enc. of Law 304, where the cases are cited supporting the text: "Where the crime, the commission of which is charged, is unconnected with the professional conduct of the attorney, a previous indictment and conviction are in general necessary to warrant disbarment; but this requirement is not inflexible, and the courts will sometimes proceed without conviction." But mark the words "unconnected with the professional conduct of the attorney." This phrase, throughout the authorities, seems to illustrate the distinction to be made as to necessity of conviction by indictment before disbarment. The question with us has been whether the misconduct charged was connected with the professional conduct of defendant as an attorney, since in one sense it was misconduct as a public

official of the county. Yet we are, by reason, compelled to say that defendant's duties as such public official, in the main, and particularly in the instance for which he is accused, related to professional conduct as an attorney. It is impossible to say that what one does as prosecuting attorney is not done as an attorney. It is done in his professional relation to the people, as well as in his official relation. The office of prosecuting attorney is one of the exercise of the same professional attainments and fitness as pertain to a lawyer of private clientage only. As prosecuting attorney, he was acting in his character of an attorney nevertheless.

In the leading case of *Ex parte Wall*, 107 U. S. 265, Mr. Justice Bradley, after reviewing the books, says: "From this review of the authorities in this country, it is apparent, that whilst it may be the general rule, that a previous conviction should be had before striking an attorney off the roll for an indictable offense, committed by him when not acting in his character as attorney, yet the rule is not an inflexible one." In that case, summary process striking from the roll an attorney's name, because of his taking part in a lynching in the courtyard during the session of court, before indictment and conviction therefor, was upheld. Observe the learned Justice's words: "committed by him when not acting in his character as attorney." Here is the same clear distinction. In the dissenting opinion of Mr. Justice Field, in that case, he maintains this distinction, but dissents from such striking from the roll for misconduct like lynching, before indictment and conviction, because it is not done in the character of an attorney. In view of this clear distinction between conduct in the character of attorney and conduct in some other character, we must conclude that the acts alleged against defendant in the rule do not entitle him to exemption from having his name stricken off the roll until he shall have been indicted and convicted for the offense charged. The offense was plainly one which related to his character of prosecuting attorney; and a prosecuting attorney is withal an attorney, an officer of the court, under its power of admission to the bar or suspension therefrom.

The recent Kentucky case of *Underwood* v. *Commonwealth*, 105 S. W. 151, is in point. There, disbarment of a county attorney because of his misconduct in the unlawful sale of

intoxicating liquors was affirmed. The court says: "It was in a sense the equivalent to becoming interested in a controversy adversely to his professional duty to his client. It was a gross breach of professional duty and merited the punishment received."

In *Ex parte Wall, supra,* in relation to cases like this, it is well said: "The proceeding is, in its nature, civil, and collateral to any criminal prosecution by indictment. The proceeding is not for the purpose of punishment, but for the purpose of preserving the courts of justice from the official ministration of persons unfit to practice in them. Undoubtedly, the power is one that ought always to be exercised with great caution; and ought never to be exercised except in clear cases of misconduct, which affect the standing and character of the party as an attorney. But when such a case is shown to exist, the courts ought not to hesitate, from sympathy for the individual, to protect themselves from scandal and contempt and the public from prejudice, by removing grossly improper persons from participation in the administration of the laws. The power to do this is a rightful one; and when exercised in proper cases, is no violation of any constitutional provision."

This commonwealth is the outgrowth of loyalty, integrity and principle. These qualities should ever be mantained, for the honor of the State and the happines and righteousness of its people. And in no calling are they more demanded than in the honorable profession of the law, whether on bench or at bar, having in hand the administration of correct principles of justice and fair and right dealing among men. This very fountain of the people's welfare must be kept pure. In so doing lies the hope of our continued greatness and prosperity.

The case standing only on defendant's claim of insufficiency and irregularity of the proceeding against him in the premises, we must affirm the judgment.

*Affirmed.*