GRACE M. HALL, *Admx., etc. v.* SHERMAN H. EARY

(No. 7631)

Submitted September 12, 1933.   Decided September 19, 1933.

*J. Howard Hundley, A. M. Belcher* and *D. L. Salisbury,* for plaintiff in error.

*Robert H. C. Kay,* for Bar Association of City of Charleston as *amicus curiæ.*

WOODS, JUDGE:

Grace M. Hall, as administratrix of the estate of J. William Hall, deceased, instituted this action by notice of motion, under Code 1931, 30-2-13, to recover certain moneys alleged to belong to decedent, and which defendant, as attorney for said decedent during the latter's life-time, had failed to pay over on demand.

A verdict was returned: ''We the jury find for the plain-

tiff and assess her damages at $763.13. Signed Charles K. Payne, Foreman.'' The trial court overruled defendant's motion to set aside the verdict and award him a new trial, and adjudged that the plaintiff recover from the defendant the above sum, "together with damages in lieu of interest thereon at the rate of fifteen per cent per annum from the 9th day of March, 1933, until paid, and her costs in this action by her expended, including a statutory attorney's fee of ten dollars. And it appearing unto the court that the defendant, Sherman H. Eary, is an attorney at law, and that the money for which judgment has heretofore been rendered was collected by him as such attorney at law, and that he failed to pay the same to his client on demand, or within six months after receipt thereof, without good and sufficient reason for such failure, it is therefore considered by the court as part of its judgment, and it is so ordered and adjudged by the court on its own motion that Sherman H. Eary be deemed guilty of a misdemeanor and be fined Twenty Dollars ($20.00) ; and it is further considered by the court as a part of its judgment, and it is so ordered and adjudged by the court on its own motion, that said Sherman H. Eary be, and he is hereby disbarred from practicing as an attorney in any of the courts of this state.''

A writ of error was sought to the foregoing order, and this Court refused the application to that portion of the judgment finding money due plaintiff, but awarded the writ prayed for as to the fine and disbarment.

Code 1931, 30-2-13, provides: "If any attorney receive money for his client as such attorney and fail to pay the same on demand, or within six months after receipt thereof, without good and sufficient reason for such failure, it may be recovered from him by suit or motion; and damages in lieu of interest, not exceeding fifteen per cent per annum until paid, may be awarded against him, and *he shall be deemed guilty of a misdemeanor and be fined not less than twenty nor more than five hundred dollars.*"

The chief error stressed is that the trial court was not warranted in adjudging that Eary "be deemed guilty of a misdemeanor and be fined twenty dollars," etc., in a civil action. It is pointed out that under the criminal law a person may not

be convicted by a mere preponderance of the evidence, but that the jury must believe him guilty beyond all reasonable doubt. To support the contention that the particular portion of the statute now under consideration is criminal in nature and not civil, the case of *State* v. *Lock,* 73 W. Va. 713, 81 S. E. 401, is cited. Lock was indicted under section 13, and convicted, of withholding money belonging to his client. In that case this Court applied the one year limitation (Code 1931, 61-11-9) to the time in which such indictment could be returned, and reversed the judgment, set aside the verdict, and discharged the defendant on the ground that the statute had run prior to the finding of the indictment. Having thus taken the position in the *Lock* case that the "misdemeanor" referred to in section 13 was used in its criminal sense, we must give it a like construction in the instant case, So, the defendant was entitled to be found guilty beyond all reasonable doubt. Hence, the judgment, in so far as the misdemeanor is concerned, must be set aside, and the case remanded.

This brings us to the question of the disbarment. Section 14, article 2, chapter 30, Code 1931, provides: "Any attorney *convicted* under the next preceding section [section 13 hereinbefore quoted] shall, in addition to the punishment therein prescribed, be disbarred from practicing as an attorney in any of the courts of this State, and the same shall be entered by the court as part of its judgment." Reading sections 13 and 14 together, in the light of the *Lock* case, *supra,* the court must, in case of a conviction for misdemeanor, enter an order disbarring the attorney so convicted from practicing as an attorney in any of the courts of this state. Section 14, however, does not preclude the court from disbarring an attorney in the absence of such trial and conviction. His power, in this respect, is civil in nature. *State* v. *Hays,* 64 W. Va. 45, 61 S. E. 355; *State* v. *McClaugherty,* 33 W. Va. 250, 10 S. E. 407; 6 C. J. 602; 2 R. C. L. 1104.

It is quite apparent that the trial court took the position that the statute (section 13) was mandatory and upon judgment for the plaintiff, he, as the court, had no other alternative than the entry of an order finding defendant guilty of a misdemeanor, and that the defendant having been so adjudged

guilty of a misdemeanor, must by statutory mandate (section 14) be disbarred. The disbarment being so interwoven by statutory mandate with the trial court's judgment as to the misdemeanor, it too must be set aside, although by so doing, we do not purport to limit in any way the court's right, in a proper case, to strike an attorney's name from the roll for withholding money of a client, whether there has been a conviction for misdemeanor under section 13 or not.

The portion of the judgment here on writ of error is, therefore, set aside, and the case remanded to the circuit court for further proceedings.

*Reversed and remanded.*