IN THE MATTER OF: SHERMAN H. EARY, SR., APPLICATION TO PRACTICE LAW

Submitted February 14, 1950. Decided March 28, 1950.

GIVEN, JUDGE, not participating.

*Sherman H. Eary* in proper.

*Robert Merricks*, for West Virginia State Bar.

*A. G. Stone*, Charleston Bar Association, et al.

LOVINS, PRESIDENT:

Sherman H. Eary, Sr., hereinafter referred to as "petitioner," filed his petition in this Court, praying that he be granted a license to practice law. The petition is lengthy and recites his educational background; that he was licensed to practice law by this Court on September 18, 1928; that in the year 1929, he was employed by J. William Hall to represent the said Hall in procuring an award of compensation from the State Compensation Commissioner; that he collected the sum of $2,544.18 accrued compensation for said Hall; and that his client departed this life approximately eleven months after receipt of check therefor.

The petitioner further recites that a controversy arose between petitioner and the administratrix of the estate of J. William Hall with reference to the amount retained by petitioner as compensation for his services; and that the controversy resulted in litigation in the Circuit Court of Kanawha County, in which a verdict and judgment in the sum of $763.13 was rendered against petitioner. In the same hearing the Circuit Court of Kanawha County found petitioner guilty of a misdemeanor, assessed a fine of twenty dollars, and ordered that petitioner be "disbarred from practicing as an attorney in any of the courts of this state." This Court granted a writ of error to those portions of the judgment of said circuit court ascertaining that Eary was guilty of a misdemeanor, assessing a fine of twenty dollars against him, and disbarring him from practicing as an attorney in any of the courts of this State; but the Court denied a writ of error as to that portion of the judgment finding the amount due the administratrix of the said Hall. Upon hearing this Court reversed that portion of the judgment of said circuit court as to which said writ of error was granted. *Hall* v. *Eary,* 114 W. Va. 82, 170 S. E. 904.

After the reversal aforesaid, The Charleston Bar Association instituted proceedings in the Circuit Court of Kanawha County, charging petitioner with malpractice. Upon a hearing, Eary appeared and resisted disbarment, but the Circuit Court of Kanawha County, on the 26th day of January, 1934, entered an order annulling the license of petitioner to practice law in the courts of West Virginia. A writ of error to that judgment was denied by this Court.

In the instant proceeding The Charleston Bar Association, Cullen G. Hall, president of said association, and the West Virginia State Bar appeared to the petition. The West Virginia State Bar demurred to the petition on the grounds that: (a) The order of the Circuit Court of Kanawha County is final, and that no new license can be granted; (b) there is no allegation in the petition that the Circuit Court of Fayette County has found petitioner to

be a person of good moral character; and (c) there are no rules prescribed by this Court for reinstatement of a license to practice law.

The West Virginia State Bar also answered the petition alleging facts which, if true, would tend to show that the petitioner is not a person of good moral character. The Charleston Bar Association and Cullen G. Hall likewise filed a joint and separate answer, alleging similar facts. The answers so filed are accompanied by copies of certain court proceedings, including a conviction of petitioner of a criminal charge involving gross moral turpitude, had in the Circuit Courts of Kanawha and Fayette Counties, as well as affidavits of the Honorable H. E. Dillon, former Judge of the Circuit Court of Fayette County, and of the Honorable R. J. Thrift, Jr., the present Judge of said court.

The petitioner filed his replication, alleging that he is a person of good moral character, and attempted to explain the various factual allegations made in the answers above mentioned. In support of his petition and replication, petitioner filed: A copy of his contract with J. William Hall; copies of the orders entered in the proceedings in the Circuit Court of Kanawha County; a purported release of his liability to the said Hall; the license granted by this Court on September 18, 1928; and diplomas from the Blackstone Institute and Cumberland University. He also filed numerous letters from attorneys and other persons, who allegedly are acquainted with him, and a petition signed by divers persons, which, in effect, states that the various charges against petitioner are groundless, and that he is honest and a person of good moral character.

As is indicated by the pleadings and exhibits filed by petitioner herein, he would now have us review the various proceedings had against him. It must be observed, however, that the order of the Circuit Court of Kanawha County annulling his license has become final, and it cannot be set aside, modified, or altered by the court which made it; and, as more than eight months have elapsed since the order was made by said court, it cannot be con-

sidered on writ of error in this Court. *Ex parte Mitchell,* 123 W. Va. 283, 14 S. E. 2d 771. The petitioner stands on this petition as if he were making an original application for a license to practice law. Reinstatement of a suspended license is not the question for consideration herein, nor do we consider here a case wherein admission to practice law in a specific court has been rescinded.

Before discussing the matter further, we wish to emphasize the difference between a license to practice law and admission to practice in a specific court. As pointed out in the case of *Ex parte Hunter, et al.,* 2 W. Va. 122, the grant of a license to practice law permits the holder thereof to be admitted to practice in all courts of the State, upon taking the proper oaths.

This Court has the inherent power to grant or refuse a license to practice law. *License to Practice Law,* 67 W. Va. 213, 67 S. E. 597. However, it was held in that case that "* * * notwithstanding the jurisdiction of the courts over the subject it has been generally conceded that the legislature may in the exercise of its police power, prescribe reasonable rules and regulations for admissions to the bar, which will be followed by the courts. But the legislature may not impose unreasonable rules or deprive the courts of their inherent power to prescribe other rules and conditions of admission to practice." In addition to educational requirements, the Legislature of West Virginia has prescribed: "Any person desiring to obtain a license to practice law in the courts of this State shall appear before the circuit court of the county in which he has resided for the past preceding year and prove to the satisfaction of such court, or to the satisfaction of a committee of three attorneys practicing before such court, appointed by the court, that he is a person of good moral character, that he is twenty-one years of age, and that he has resided in such county for one year next preceding the date of his appearance; and upon the presentation of such proof, the court shall enter an order on its record accordingly. * * *." Code, 30-2-1.

Good moral conduct has always been considered a

qualification essential to admission to the Bar. *License to Practice, supra.* The statutory requirement of a certificate of good moral character as a prerequisite to obtaining a license to practice law is constitutional. *State* v. *McClaugherty,* 33 W. Va. 250, 10 S. E. 407. We therefore hold that the requirements of Code, 30-2-1, are reasonable, and will be applied to the instant proceeding.

The petition herein discloses that petitioner is a resident of Ansted, Fayette County. We infer from the petition that he is over twenty-one years of age and has resided in Fayette County for more than one year preceding the date of filing the same in this Court. Furthermore, the petitioner alleges that he is "* * * morally fit to be placed before the public in the profession to practice law in the State of West Virginia * * *." But petitioner makes no allegation that he has proved, or attempted to prove, to the satisfaction of the Circuit Court of Fayette County, or to a committee of three attorneys practicing before said court, and appointed by it, that he is a person of good moral character. Accordingly, we hold that the petition filed herein is fatally defective on demurrer.

Furthermore, no substantial showing is made, or attempted to be made, by the petitioner of his moral character. On the contrary the exhibits filed with the answers of the West Virginia State Bar, The Charleston Bar Association, and Cullen G. Hall would indicate that petitioner is devoid of the necessary qualification of good moral character.

It is the duty of this Court to scrutinize carefully the qualifications of persons who seek to be admitted to practice before the courts of this State, in order that the public may be protected and the courts assisted in the discharge of the vital duties of the administration of law and the resolving of legal controversies. If this Court permits persons to enter the profession of the law who do not have the requisite moral qualifications, it would result in debasing the profession and would bring disrepute upon the administration of justice. Thereby, the confidence of the

people in their courts would be destroyed. This we cannot permit.

In accordance with what has been stated, the demurrer to the petition filed herein is sustained, and we refuse the license prayed for.

*Demurrer sustained; license refused.*