# CHARLESTON.

J. Shirley Ross and Splash Beach Park, *Inc., a Corporation*
v. The Chesapeake and Ohio Railway Company,
*a Corporation*

(No. 6595)

Submitted January 22, 1930. Decided January 28, 1930.
(Rehearing denied March 3, 1930.)

*Poffenbarger & Poffenbarger,* for appellants.
*Fitzpatrick, Brown & Davis, H. S. King* and *McDaniel Purcell,* for appellee.

HATCHER, JUDGE:

The plaintiffs seek in this suit the removal of obstructions from an alleged private roadway upon defendant's right-of-way. The circuit court found against the plaintiffs and dismissed their bill.

The section of the roadway alleged to have been obstructd lies between Ferry Branch and the public road, some two hundred feet east of the branch. The defendant owns its right-of-way in fee at that place. The plaintiffs' claim is based upon prescription, and is appurtenant to a tract of about five acres adjoining the right-of-way, which tract is owned by plaintiff Ross and leased to plaintiff Splash Beach,

Inc. Any visible marks of use as a roadway on this section were covered up by a sidetrack constructed in 1917. The location of the roadway now is dependent entirely upon the memory of witnesses. The exact distance between defendant's westbound track and its northern boundary line is not shown. Mr. Ross is of opinion that this distance is from 51 to 60 feet. Defendant's maps indicate that the distance is about 60 feet. It is, of course, incumbent on plaintiffs to prove with certainty that the roadway was on defendant's land, not merely that it was probably thereon or in proximity thereto. Some of plaintiffs' witnesses do testify that the roadway was within 60 feet of the tracks (therefore on the right-of-way). But others are indefinite as to its location and some even fix it beyond that distance (therefore off the right-of-way).

A. C. Ripley and Wm. DeFord both say the roadway was within forty to fifty feet of the track, but they are the only witnesses who locate the roadway on defendant's land with certainty. Mr. Ross simply says that the roadway was on the right-of-way without giving any estimates of its distance from any fixed monument. Silas Peck and Job Thayer place the roadway at 40 and 50 feet respectively from the fill. The distance of the fill from defendant's exterior boundary is not shown. A number of witnesses say the roadway went "right on" or "straight on" down the side of the railroad after leaving the public road. These terms are of course merely relative. Some say it was between the railroad and a fence. The relation of the fence to defendant's boundary line is not shown and, according to J. W. Moran the fence did not extend to the "low ground" around Ferry Branch. William Gillespie was a lessee of the five-acre tract from 1899 to 1912. He is uncertain as to how far the roadway was from the railroad. He says: "I suppose that it would be about 70 feet or more, it seemed to be a pretty long distance." L. H. Midkiff, another tenant, testifies that the roadway was "not much more than 60 feet (from the tracks) until you got to the culvert." The above named are witnesses for plaintiffs. Their evidence, considered apart from that of the defendant, leaves the exact location of the roadway in doubt. On the

other hand, there is no uncertainty in defendant's evidence. A number of its employees and officials whose duty required them to be watchful for any encroachment on its property, and who were in position to have noticed the alleged use had it been definite and notorious, deny any use whatever within the lines of the right-of-way at the section in controversy. E. D. Spencer, a merchant, delivered groceries to Gillespie over the roadway when he occupied the five-acre tract. Spencer says that the roadway "went down through the old field where the Standard Oil Company now is, and left the road just oposite where the undergrade crossing is", and that in going down to the branch he had to "veer out there in that field" from 40 to 50 feet on account of shrubbery and ties on the right-of-way. The evidence shows that the Standard Oil Company property is not on the right-of-way. Therefore Spencer's testimony clearly indicates that the roadway was off the land of defendant.

Thus we see that substantial evidence supports the finding of the circuit court. We cannot say that the finding is plainly wrong. It is accordingly affirmed.

*Affirmed.*