THE WEST VIRGINIA STATE BAR, *et al.*

*v.*

EMMETT J. EARLEY

(No. 11021)

Submitted April 28, 1959.          Decided June 9, 1959.

*Carl B. Vickers*, for appellant.

*Woodroe & Kizer, John O. Kizer*, for appellees.

HAYMOND, JUDGE:

In this suit in equity, instituted in the Circuit Court of Fayette County, West Virginia, in January 1956, the plaintiffs, The West Virginia State Bar, a statutory association composed of all licensed attorneys at law engaged in the practice of law within the State of West Virginia, and Samuel D. Littlepage, George D. Bailey, Wilson Anderson, Leonard A. Shawkey, J. E. Watson, Fred O. Blue and Arthur Ritz Kingdon, individually as

duly licensed attorneys at law and as members of the Committee on Unlawful Practice of such asociation, seek to enjoin and restrain the defendant, Emmett J. Earley, from engaging in the practice of law within the State of West Virginia.

The bill of complaint charges that the defendant, an adult resident of Boomer, Fayette County, West Virginia, who has never been admitted or licensed to engage in the practice of law within the State of West Virginia or to represent that he is qualified or authorized to engage in such practice, has been for several years and is now engaged in the practice of law within the State of West Virginia and represents that he is qualified and authorized to engage in such practice, in violation of the provisions of Section 4, Article 2, Chapter 30, Code, 1931, the common law, and the rule of this Court promulgated March 28, 1947, effective May 1, 1947, pursuant to Section 4a, Article 1, Chapter 51, Code, 1931, as amended. It specifically alleges that the defendant, during the period 1951 to 1955, did advise and represent eleven separate claimants in adversary proceedings before the State Compensation Commissioner of West Virginia in hearings and proceedings before the commissioner or his duly appointed trial examiners and in behalf of two such claimants prepared notices of appeal to the Workmen's Compensation Appeal Board from awards and rulings of the commissioner involving issues of fact and questions of law.

The prayer of the bill of complaint is that the defendant be permanently restrained and enjoined from (a) directly or indirectly advising any person or persons concerning his or their rights or remedies under the provisions of the Workmen's Compensation Law of West Virginia; (b) prosecuting before the State Compensation Commissioner of West Virginia, or his duly authorized representatives, in behalf of any person or persons, claims for compensation for injuries under the Workmen's Compensation Law of West Virginia; (c) appearing in hearings and proceedings before the State Compen-

sation Commissioner, or his duly authorized representatives, in behalf of claimants for compensation and representing the interests of such person or persons before the commissioner by examining and cross-examining witnesses, offering and introducing evidence, objecting to the introduction of evidence and testimony offered by others, and presenting statements and arguments in behalf of such person or persons; (d) advising any person or persons with respect to appeals from awards and findings of the State Compensation Commissioner to the Workmen's Compensation Appeal Board and preparing and filing in behalf of any person or persons appeals from the awards and rulings of the commissioner to the appeal board; and (e) in any way or manner, directly or indirectly, engaging in the practice of law or advising any person or persons as to his or their legal rights or remedies in the State of West Virginia; and that the plaintiffs be granted general relief.

Transcripts of the record in each of the proceedings in which the defendant appeared in behalf of the claimants are filed as exhibits with the bill of complaint.

The answer of the defendant admits that he appeared before the State Compensation Commissioner in behalf of the claimant in the proceedings mentioned in the bill of complaint and filed notices of appeal to the Workmen's Compensation Appeal Board in the two instances mentioned in the bill of complaint but denies that he advised any of the claimants represented by him or other persons with respect to their legal rights and remedies. The answer also denies that the defendant has engaged in the practice of law or represented that he was qualified and authorized to practice law within the State of West Virginia and alleges that by virtue of a rule, which permits persons to appear before the commissioner by attorney or agent, promulgated by the State Compensation Commissioner under the statute which confers upon the commissioner the authority to promulgate reasonable rules and regulations, and because he was permitted by the commissioner to appear in such proceedings, he has

the right as an agent to represent claimants in proceedings and hearings before the commissioner; that he received no compensation for services performed by him in behalf of claimants; and that such services were incidental to his employment by a local union, Local 89 United Chemical Workers, CIO, of which the claimants whom he represented were members.

The case was heard by the circuit court upon the bill of complaint and exhibits filed with it, the answer of the defendant, a stipulation containing an agreed statement of facts and exhibits filed with it, and the briefs and the oral arguments of counsel for the respective parties.

By final decree entered May 19, 1958, the defendant was permanently enjoined, restrained and inhibited from (a) prosecuting before the State Compensation Commissioner, or his authorized representatives, in behalf of any person or persons, claims for compensation under the Workmen's Compensation Law of this State; (b) appearing in hearings and proceedings before the commissioner, or his authorized representatives, in behalf of such claimants and representing the interests of such person or persons before the commissioner by examining and cross-examining witnesses, offering and introducing evidence, objecting to introduction of evidence and testimony offered by others, and presenting statements and arguments in behalf of such person or persons; (c) advising any person or persons with respect to appeals from the awards and findings of the commissioner to the Workmen's Compensation Appeal Board and preparing and filing in behalf of any other person or persons notices of appeal from the awards, findings and rulings of the commissioner to the appeal board; and (d) engaging in any activity or doing any thing which constitutes the practice of law as defined by this Court in its order entered March 28, 1947, effective May 1, 1947. From that decree this Court granted this appeal and supersedeas on October 21, 1958, upon the petition of the defendant.

The material facts set forth in the written stipulation

510

adopted by the respective parties are not disputed and the questions presented are questions of law.

The defendant is an adult resident of the Town of Boomer, Fayette County, West Virginia. He has never at any time in the past been admitted or licensed to practice law or to represent that he is qualified or authorized to do so; and he does not possess the educational and professional qualifications necessary to enable him to practice law in this State. Though he admits that he has represented claimants for compensation awards before the State Compensation Commissioner, or his duly appointed trial examiners, in eleven separate proceedings and on two occasions has filed notices of appeal from the rulings of the commissioner to the Workmen's Compensation Appeal Board, the defendant contends that he has never knowingly engaged in the practice of law and has never represented that he is qualified or authorized to engage in such practice. He is a member of Local Union 89, Chemical and Atomic Workers of America, CIO, a labor union composed of employees of Carbide and Carbon Corporation, at Alloy in Fayette County, where he is employed by the union at a specific salary as its business agent. Part of the duties of that employment is to represent the members of the union as their agent and representative in connection with their claims for compensation before the State Compensation Commissioner. In that capacity and as incidental to his employment, without compensation other than his salary and with the knowledge and permission of the commissioner, the defendant has appeared as agent for numerous employees of the union as claimants for compensation for injuries before the State Compensation Commissioner and his duly appointed trial examiners. Some of these claims were opposed by the employers and were of an adversary nature. In the adversary proceedings the defendant has examined and cross-examined witnesses, introduced evidence, objected to the introduction of evidence and testimony by the employer, made motions, agreed to stipulations and continuances, and generally represented the interests of the claimants.

Section 13, Article 1, Chapter 23, Code, 1931, as amended, provides that the commissioner shall adopt reasonable and proper rules of procedure regulating the nature and the extent of the evidence in cases of accident and injury to employees and the method of taking proofs and evidence to establish the rights to benefits or awards from the workmen's compensation fund. Pursuant to that section the commissioner has adopted rules and regulations in connection with hearings and proceedings before him. One of such rules is Rule 21, which authorizes a claimant or an employer to appear at hearings or proceedings before the commissioner in person or by agent or attorney. By virtue of this rule the defendant contends that he has the right to appear as such agent for claimants before the State Compensation Commissioner.

Upon receipt of numerous complaints respecting the activities of the defendant, the Committee on Unlawful Practice of The West Virginia State Bar met with the defendant and the executive secretary of the West Virginia Council, CIO, in November, 1954. At that meeting the defendant was informed by the committee that his activities in representing claimants for compensation benefits or awards before the State Compensation Commissioner after the proceedings had become adversary in character constituted the unlawful practice of law and he was requested to cease and desist from such activities. After communicating by letter with the executive secretary and with the defendant, in March and June, 1955, inquiring whether the defendant agreed that his activities constituted the practice of law, to which the defendant made no response, and after having learned that the defendant continued to appear in adversary proceedings before the commissioner this suit was instituted to enjoin the defendant from engaging in activities which the committee insists constitute the unauthorized practice of law.

Pursuant to the provisions of Section 4a, Article 1, Chapter 51, Code, 1931, as amended, this Court, under an

order entered March 28, 1947, effective May 1, 1947, by rule discussed and defined the practice of law in these terms:

"The principles underlying a definition of the practice of law have been developed through the years in social needs and have received recognition by the courts. It has been found necessary to protect the relation of attorney and client against abuses. Therefore it is from the relation of attorney and client that any definition of the practice of law must be derived.

"The relation of attorney and client is directed and personal, and a person who undertakes the duties and responsibilities of an attorney is none the less practicing law though such person may employ others to whom may be committed the actual performance of such duties.

"The gravity of the consequences to society resulting from abuses of this relation demands that those assuming to advise or to represent others shall be properly trained and educated, and be subject to a peculiar discipline. The fact, and the necessity for protection of society in its affairs and in the ordered proceedings of its tribunals, have developed the principles which serve to define the practice of law.

"The relation of attorney and client exists, and one is deemed to be practicing law, whenever (1) one undertakes, with or without compensation, to advise another in any matter involving the application of legal principles to facts, purposes or desires; (2) one undertakes, with or without compensation, to prepare for another legal instruments of any character; (3) one undertakes, with or without compensation, to represent the interest of another before any tribunal—judicial, administrative or executive—otherwise than in the presentation of facts, figures, or factual conclusions, as distinguished from legal conclusions in respect to such facts and figures, except that one may appear as agent before a justice of the peace, and a regular bona fide employee may perform legal services for his regular employer in matters

relating solely to the internal affairs of such employer, as distinguished from such services rendered to others." Michie's West Virginia Code, 1955, Annotated, Appendix 99; 128 W. Va. xix.

Under the provisions of the Workmen's Compensation Law, Chapter 23, Code, 1931, as amended, and the rules adopted by the State Compensation Commissioner the ordinary procedure is that a claim for compensation is presented by an application for compensation or benefits filed with the commissioner on a form prescribed by him. The application is then considered by the commissioner who is required to make a finding which allows, refuses or modifies an award. Notice of the action of the commissioner is then given to claimant, employer, employee or defendant, as the case may be, and such claimant, employer, employee or defendant may object or protest to the action of the commissioner. The commissioner is required within thirty days to set a time and place for a hearing of evidence which must be held within sixty days after objection or protest is filed to the finding of the commissioner. When this stage of the proceeding is reached the proceeding becomes adversary. The claimant and the employer are entitled to be heard and to present evidence in support of their respective contentions. Within sixty days after the final hearing, the commissioner must render his decision to affirm, reverse or modify his former action. This decision is final unless the claimant or the employer within thirty days after receipt of notice of the final action of the commissioner, or in any event within sixty days from the date of such final action regardless of notice, applies to the Workmen's Compensation Appeal Board for a review of the decision of the commissioner.

In support of his assignments of error the defendant contends: (1) That his action in appearing before the State Compensation Commissioner as agent for claimants for compensation for injuries did not constitute the unauthorized practice of law; (2) that the rule adopted by the State Compensation Commissioner which permits

a person who is not a licensed attorney at law to appear as an agent and represent claimants for compensation in hearings before the commissioner and his duly appointed trial examiners, is valid under a statute which the Legislature is authorized and empowered to enact; (3) that this Court does not possess the inherent power to define the practice of law as applied to licensed attorneys at law and laymen; (4) that the defendant, as a layman, is not subject to or governed by the definition of the practice of law as set forth in the rule of this Court; (5) that Section 4a, Article 1, Chapter 51, Code, 1931, as amended, constitutes an unconstitutional delegation of legislative authority to this Court; and (6) that the final decree awarding an injunction against the defendant violates and conflicts with Article III, Section 10, Article V, Section 1, and Article VI, Section 1, of the Constitution of this State.

Among the numerous questions presented by the assignments of error is the question whether the appearance of the defendant as a layman and agent in behalf of claimants for compensation at hearings before the State Compensation Commissioner and his duly appointed trial examiners, whose proceedings and decisions are not those of a court or judicial tribunal, constitutes the unauthorized practice of law and may be prevented by injunction. This question is one of first impression in this jurisdiction and its determination by this Court is of the utmost importance to courts, other tribunals, attorneys at law and litigants in the administration of justice in this State.

The principle is well established by numerous decisions of appellate courts that a court of equity has jurisdiction to prevent by injunction the unlawful practice of law by a layman when such relief is sought by attorneys at law acting for themselves and other affected members of the legal profession or by a duly constituted and recognized bar association. *State Bar Association of Connecticut* v. *The Connecticut Bank and Trust Company*, 20 Conn. Sup. 248, 131 A. 646; *Smith* v. *Illinois*

*Adjustment Finance Company,* 326 Ill. App. 654, 63 N.
E. 2d 264; *Chicago Bar Association* v. *United Taxpayers
of America,* 312 Ill. App. 243, 38 N. E. 2d 349; *People
ex rel. Illinois State Bar Association* v. *People's Stock
Yards State Bank,* 344 Ill. 462, 176 N. E. 901; *Bump* v.
*District Court of Polk County,* 232 Iowa 623, 5 N. W. 2d
914; *Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 52
N. E. 2d 27; *Fitchette* v. *Taylor,* 191 Minn. 582, 254 N.
W. 910, 94 A.L.R. 356; *Hulse* v. *Criger,* 363 Mo. 26, 247
S. W. 2d 855; *New Jersey State Bar Association* v. *North-
ern New Jersey Mortgage Associates,* 22 N. J. 184, 123
A. 2d 498; *Unger* v. *Landlords' Management Corpora-
tion,* 114 N. J. Eq. 68, 168 A. 229; *Land Title Abstract
and Trust Company* v. *Dworken,* 129 Ohio St. 23, 193
N. E. 650; *Dworken* v. *Apartment House Owners As-
sociation of Cleveland,* 38 Ohio App. 265, 176 N. E. 577;
*Shortz* v. *Farrell,* 321 Pa. 81, 193 A. 20; *Childs* v. *Smellt-
zer,* 315 Pa. 9, 171 A. 883; *Rhode Island Bar Association*
v. *Automobile Service Association,* 55 R. I. 122, 179 A.
139, 100 A.L.R. 226; *Stewart Abstract Company* v. *Ju-
dicial Commission of Jefferson County,* Tex. Civ. App.,
131 S. W. 2d 686; *McCloskey* v. *San Antonio Public
Service Company,* Tex. Civ. App., 51 S. W. 2d 1088;
*Commonwealth* v. *Jones and Robins,* 186 Va. 30, 41 S. E.
2d 720; *Paul* v. *Stanley,* 168 Wash. 371, 12 P. 2d 401; 5
Am. Jur., Attorneys at law, Section 18.

By statute it is a misdemeanor for any natural person
to practice law in this State without first having been
duly licensed and admitted to practice in a court of rec-
ord in this State and without having taken the oath pre-
scribed by law, Section 4, Article 2, Chapter 30, Code,
1931; or for any corporation or voluntary association to
practice law in this State, except a partnership composed
of licensed attorneys, a corporation or voluntary associa-
tion lawfully engaged in examining and insuring titles to
real estate, or an association organized for benevolent or
charitable purposes or for the purpose of assisting per-
sons without means in the pursuit of any civil remedy.
Section 5, Article 2, Chapter 30, Code, 1931.

The unauthorized practice of law is also a contempt of court. *People ex rel. Chicago Bar Association* v. *Goodman*, 366 Ill. 346, 8 N. E. 2d 941, 111 A.L.R. 1, certiorari denied, 302 U. S. 728, 58 S. Ct. 49, 82 L. Ed. 562; *People ex rel. Illinois State Bar Association* v. *People's Stock Yards State Bank*, 344 Ill. 462, 176 N. E. 901; *Smith* v. *Illinois Adjustment Finance Company*, 326 Ill. App. 654, 63 N. E. 2d 264; *Bump* v. *District Court of Polk County*, 232 Iowa 623, 5 N. W. 2d 914; *Clark* v. *Austin*, 340 Mo. 467, 101 S. W. 2d 977; *Rhode Island Bar Association* v. *Automobile Service Association*, 55 R. I. 122, 179 A. 139, 100 A.L.R. 226; *State ex rel. Daniel* v. *Wells*, 191 S. C. 468, 5 S. E. 2d 181; *In re Morse*, 98 Vt. 85, 126 A. 550, 36 A.L.R. 527.

Those means of preventing or imposing punishment for the unauthorized practice of law, however, are considered merely as additional remedies for that purpose and do not deprive a court of equity of its jurisdiction to prevent such practice by injunction. *Smith* v. *Illinois Adjustment Finance Company*, 326 Ill. App. 654, 63 N. E. 2d 264; *Fitchette* v. *Taylor*, 191 Minn. 582, 254 N. W. 910, 94 A.L.R. 356; *Unger* v. *Landlords' Management Corporation*, 114 N. J. Eq. 68, 168 A. 229; *Rhode Island Bar Association* v. *Automobile Service Association*, 55 R. I. 122, 179 A. 139, 100 A.L.R. 226; *Paul* v. *Stanley*, 168 Wash. 371, 12 P. 2d 401; 5 Am. Jur., Attorneys at law, Sections 17 and 18.

It is clear that the Circuit Court of Fayette County had jurisdiction in equity to issue the injunction of which the defendant complains.

Though the right to practice law is not a natural or constitutional right or an absolute or de jure right, it is a valuable special privilege in the nature of a franchise which may be protected by injunction against invasion. *Boykin* v. *Hopkins*, 174 Ga. 511, 162 S. E. 796; *People ex rel. Illinois State Bar Association* v. *People's Stock Yards State Bank*, 344 Ill. 462, 176 N. E. 901; *Smith* v. *Illinois Adjustment Finance Company*, 326 Ill. App. 654, 63 N. E. 2d 264; *In re Harrison*, 231 Ind. 665, 109 N. E. 2d

722; *In re Carver*, 224 Mass. 169, 112 N. E. 877; *Unger*
v. *Landlords Management Corporation*, 114 N. J. Eq. 68,
168 A. 229; *In re Co-Operative Law Company*, 198 N. Y.
479, 92 N. E. 15, 32 L.R.A., N. S., 55, 139 Am. St. Rep.
839, 19 Ann. Cas. 879; *Land Title Abstract and Trust
Company* v. *Dworken*, 129 Ohio St. 23, 193 N. E. 650;
*Dworken* v. *Apartment House Owners Association of
Cleveland*, 38 Ohio App. 265, 176 N. E. 577; *In re Appli-
cation for License to Practice Law*, 67 W. Va. 213, 67
S. E. 597; 5 Am. Jur., Attorneys at law, Section 14; 7
C.J.S., Attorney and Client, Section 4b.

In *In Re Application of Boyd Adkins*, 83 W. Va. 673,
98 S. E. 888, this Court said "The right to practice the
law is not one of the citizen's inherent rights, but is a
privilege which may be granted him within prescribed
regulations, under the exercise of the state's police power,
6 C. J. 571; and the granting of the license is a judicial,
and not a mere ministerial act."

The right to practice law is not a privilege or immun-
ity of a citizen of the United States within the meaning
of the Fourteenth Amendment to the Constitution of the
United States. *In re Lockwood*, 154 U. S. 116, 14 S. Ct.
1082, 38 L. Ed. 929; *Bradwell* v. *Illinois*, 16 Wall. 130,
21 L. Ed. 442; *Meunier* v. *Bernich*, (La. Court of Ap-
peal), 170 So. 567. In *In Re Morse*, 98 Vt. 85, 126 A.
550, 36 A.L.R. 527, the court used this language: "The
right to act as an attorney is everywhere recognized as
a privilege of a personal nature, not open to all, but
limited to persons of good moral character, possessing
special qualifications ascertained and certified after a
long course of study, both general and professional. It
is in the nature of a franchise from the state conferred
only for merit. It cannot be assigned or inherited, but
must be earned by hard study and good conduct. * * *.
It cannot be lawfully exercised except by those who have
complied with all statutory requirements, and the rules
of court, relating thereto." The opinions in *In re
Opinion of the Justices*, 289 Mass. 607, 194 N. E. 313;
*In re Co-Operative Law Company*, 198 N. Y. 479, 92 N.

E. 15, 32 L.R.A., N. S., 55, 139 Am. St. Rep. 839, 19 Ann. Cas. 879, and *Richmond Association of Credit Men* v. *Bar Association of City of Richmond,* 167 Va. 327, 189 S. E. 153, contain statements similar to the statements just quoted. In *Dworken* v. *Apartment House Owners Association of Cleveland,* 38 Ohio App. 265, 176 N. E. 577, the court said: "No court has held that the right to practice law is a civil property right in its full import, but it is obvious that it is a valuable privilege, carrying with it the opportunity to secure material benefits and to earn a livelihood not given to those outside the profession. Such privileges are exclusive in that they are restricted to a class of individuals, who, after continued and special training by way of general education and legal preparation, and after examination and determination of special fitness, are accorded the right to follow the profession of attorneys and counselors at law."

The practice of law, both in court and out of court, by a person not licensed to practice is an illegal usurpation of the privilege of a duly licensed attorney at law; and the privilege to practice law is personal to the holder of such privilege. *People ex rel. Chicago Bar Association* v. *Goodman,* 366 Ill. 346, 8 N. E. 2d 941, 111 A.L.R. 1, certiorari denied, 302 U. S. 728, 58 S. Ct. 49, 82 L. Ed. 562. Attorneys at law are officers of the court and as such their conduct is subject to supervision by the court. The power to prescribe the qualifications for admission to the bar and to discipline or disbar attorneys for professional misconduct either in court proceedings or in their relations with clients outside of court is a judicial power. *People ex rel. Illinois State Bar Association* v. *People's Stock Yards State Bank,* 344 Ill. 462, 176 N. E. 901; *In re Opinion of the Justices,* 289 Mass. 607, 194 N. E. 313; *In Re Integration of Nebraska State Bar Association,* 139 Neb. 283, 275 N. W. 265, 114 A.L.R. 151; *Richmond Association of Credit Men* v. *Bar Association of City of Richmond,* 167 Va. 327, 189 S. E. 153. Attorneys as officers of the court are in effect a part of the judicial system of the State. *People ex rel. Illinois State*

*Bar Association* v. *People's Stock Yards State Bank,* 344 Ill. 462, 176 N. E. 901. The customary functions of attorneys at law bear an intimate relation to the administration of justice by the courts. *In re Opinion of the Justices,* 289 Mass. 607, 194 N. E. 313.

The defendant, a layman who frankly admits that he is not and never has been possessed of the educational and professional qualifications necessary to enable him to engage in the practice of law, does not have or enjoy the right or privilege to practice law and is not entitled to exercise that right or privilege. It is therefore clear that if the acts and conduct of the defendant, which he admits he performed and engaged in as an agent in appearing at hearings before the State Compensation Commissioner and his duly appointed trial examiners in behalf of claimants for compensation for injuries and in preparing notices of appeal from rulings of the commissioner to the Workmen's Compensation Appeal Board, constitute the practice of law, the decree of the circuit court which enjoins and restrains him from prosecuting such claims and appearing in hearings and proceedings before the State Compensation Commissioner in behalf of claimants, advising any person with respect to appeals from the commissioner to the appeal board and preparing notices of appeal, and from engaging in any activity which constitutes the practice of law, does not deprive him of any right or privilege to which he is entitled by any provision of the Constitution, the statutes or the common law of this State; and his contention that the decree violates and conflicts with Article III, Section 10, of the Constitution of this State is entirely without merit and is clearly untenable.

The courts in numerous decisions in different jurisdictions have undertaken to define and designate what constitutes the practice of law; but it is generally recognized that it is extremely difficult, perhaps impossible, to formulate a precise and completely comprehensive definition of the practice of law or to prescribe limits to the scope of that activity. *Bump* v. *District Court of*

*Polk County,* 232 Iowa 623, 5 N. W. 2d 914; *Clark* v. *Austin,* 340 Mo. 467, 101 S. W. 2d 977; *State ex rel. Johnson* v. *Childe,* 147 Neb. 527, 23 N. W. 2d 720; *State ex rel. Johnson* v. *Childe,* 139 Neb. 91, 295 N. W. 381; *Auerbacher* v. *Wood,* 142 N. J. Eq. 434, 59 A. 2d 863; *Shortz* v. *Farrell,* 327 Pa. 81, 193 A. 20. It is clear, however, that a licensed attorney at law in the practice of his profession generally engages in three principal types of professional activity. These types are legal advice and instructions to clients to inform them of their rights and obligations; preparation for clients of documents requiring knowledge of legal principles which is not possessed by an ordinary layman; and appearance for clients before public tribunals, which possess the power and authority to determine rights of life, liberty and property according to law, in order to assist in the proper interpretation and enforcement of law. *Clark* v. *Austin,* 340 Mo. 467, 101 S. W. 2d 977; *Shortz* v. *Farrell,* 327 Pa. 81, 193 A. 20. In *People* v. *Alfani,* 227 N. Y. 334, 125 A. 671, and *Land Title Abstract and Trust Company* v. *Dworken,* 129 Ohio St. 23, 193 N. E. 650, the phrase has been discussed in these terms: "The practice of law is not limited to the conduct of cases in courts. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law." See *Tumulty* v. *Rosenblum,* 134 N. J. L. 514, 48 A. 2d 850. In *Richmond Association of Credit Men* v. *Bar Association of City of Richmond,* 167 Va. 327, 189 S. E. 153, quoting from *People* v. *Merchants' Protective Corporation,* 189 Colo. 531, 209 P. 363, the court said: "The phrase 'practicing law,' or its equivalent, 'the practice of law,' has long had a sufficient definite meaning throughout this country to be given a place in both constitutional and statutory law without further definition."

This court has provided by its rule effective May 1, 1947, that: "The relation of attorney and client exists, and one is deemed to be practicing law, whenever * * *; (3) one undertakes, with or without compensation, to represent the interest of another before any tribunal—judicial, administrative or executive—otherwise than in the presentation of facts, figures, or factual conclusions, as distinguished from legal conclusions in respect to such facts and figures, except that one may appear as agent before a justice of the peace, and a regular bona fide employee may perform legal services for his regular employer in matters relating solely to the internal affairs of such employer, as distinguished from such services rendered to others."

It is clear beyond question that the defendant, in appearing as agent in behalf of claimants for compensation at hearings before the State Compensation Commissioner, an administrative agency or tribunal, and his duly appointed trial examiners and in preparing notices of appeal from the rulings of the commissioner to the appeal board, as admitted in the agreed statement of facts stipulated by counsel, engaged in the practice of law and that such conduct on his part constituted the unauthorized practice of law which may be prevented by injunction.

By his appearance before the commissioner, although without compensation other than his salary as incidental to his employment, the defendant represented another person before a tribunal of the character mentioned in the rule and his activity was not within any of the exceptions mentioned in the third provision of the rule. The State Compensation Commissioner is not a judicial tribunal but an administrative agency which may properly be considered as an administrative tribunal of the government of this State. *Cole* v. *State Compensation Commissioner*, 121 W. Va. 111, 1 S. E. 2d 877; *Sledd* v. *State Compensation Commissioner*, 111 W. Va. 509, 163 S. E. 12, 80 A.L.R. 1424; *Profitt* v. *State Compensation Commissioner*, 108 W. Va. 438, 151 S. E. 307; *Higgins* v.

*Williams Pocahontas Coal Company,* 103 W. Va. 504, 138 S. E. 112; *Liberty Mutual Insurance Company* v. *Jones,* 344 Mo. 932, 130 S. W. 2d 945, 125 A.L.R. 1149. See also *United Fuel Gas Company* v. *Public Service Commission,* 73 W. Va. 571, 80 S. E. 931; *Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 52 N. E. 2d 27; *Tumulty* v. *Rosenblum,* 134 N.J.L. 514, 48 A. 2d 850. The particular tribunal, however, is not important, for it is well settled that it is the character of the act, and not the place where it is performed, which is the decisive factor in determining whether the act constitutes the practice of law. *People ex rel. Chicago Bar Association* v. *Goodman,* 366 Ill. 346, 8 N. E. 2d 941, 111 A.L.R. 1, certiorari denied, 302 U. S. 728, 58 S. Ct. 49, 82 L. Ed. 562; *State ex rel. Johnson* v. *Childe,* 147 Neb. 527, 23 N. W. 2d 720; *State ex rel. Johnson* v. *Childe,* 139 Neb. 91, 295 N. W. 381; *State ex rel. Hunter* v. *Kirk,* 133 Neb. 625, 276 N. W. 380; *Stack* v. *P. G. Garage, Inc.,* 7 N. J. 118, 80 A. 2d 545; *Tumulty* v. *Rosenblum,* 134 N.J.L. 514, 48 A. 2d 850; *Shortz* v. *Farrell,* 327 Pa. 81, 193 A. 20. As to the character of the acts of the defendant numerous decisions of appellate courts in different jurisdictions hold that an appearance before a compensation commission, an industrial commission, or a public service commission, or any of its examiners, referees or individual commissioners, in behalf of another person in a representative capacity in adversary proceedings constitutes the practice of law. *People ex rel. Chicago Bar Association* v. *Goodman,* 366 Ill. 346, 8 N. E. 2d 941, 111 A.L.R. 1, certiorari denied, 302 U. S. 728, 58 S. Ct. 49, 82 L. Ed. 562; *Chicago Bar Association* v. *Taxpayers of America,* 312 Ill. App. 243, 38 N. E. 2d 349; *Liberty Mutual Insurance Company* v. *Jones,* 344 Mo. 932, 130 S. W. 2d 945, 125 A.L.R. 1149; *Clark* v. *Coon,* 340 Mo. 467, 101 S. W. 2d 977; *State ex rel. Johnson* v. *Childe,* 139 Neb. 91, 295 N. W. 381; *Stack* v. *P. G. Garage, Inc.,* 7 N. J. 118, 80 A. 2d 545; *Goodman* v. *Beall,* 130 Ohio St. 427, 200 N. E. 470; *Shortz* v. *Farrell,* 327 Pa. 81, 193 A. 20; *State ex rel. Daniel* v. *Wells,* 191 S. C. 468, 5 S. E. 2d 181.

In the leading case of *People ex rel. Chicago Bar Association* v. *Goodman,* 366. Ill. 346, 8 N. E. 2d 941, 111 A.L.R. 1, certiorari denied, 302 U. S. 728, 58 S. Ct. 49, 82 L. Ed. 562, the defendant, who was a layman, was engaged in the collection and adjustment of claims for compensation in behalf of injured workmen. He represented the claimants on a contingent fee basis, the usual percentage being twenty per cent of the amount of recovery. Upon receiving a contract of employment the defendant would endeavor to obtain a settlement with the employer or the insurance company. If a settlement was effected he would prepare and file a petition with the industrial commission and obtain an order approving the settlement. If no settlement was reached he prepared and filed a claim for adjustment before an arbitrator of the commission. Upon a hearing he presented evidence and endeavored to obtain a settlement or an award. If an award was not allowed and an appeal was taken to the commission as a whole, the defendant represented the claimant in such proceedings. When a difficult question of law or fact arose or an appeal to a court was taken or the claim was enforceable at common law and an action was necessary to enforce its collection, the defendant employed and used the services of an attorney. The court held that the institution of a proceeding before the commission and the trial of the issues involved before an arbitrator of the commission constituted the practice of law.

In *Shortz* v. *Farrell,* 327 Pa. 81, 193 A. 20, the court held that a layman who acted as a claim adjuster for an insurer was engaged in the unauthorized practice of law in appearing in workmen's compensation cases in which the insurer was a party defendant at hearings before a referee of a workmen's compensation board, an administrative tribunal of the Commonwealth of Pennsylvania, to examine and cross-examine witnesses and in conducting such litigation before the referee.

In *Goodman* v. *Beall,* 130 Ohio St. 427, 200 N. E. 470, the court held that a layman or other person not autho-

rized to practice law who appeared before an industrial commission of the State of Ohio in behalf of a claimant after the claimant had received notice of the disallowance of his claim, was engaged in the practice of law.

In *Clark* v. *Coon,* 340 Mo. 467, 101 S. W. 2d 977, the defendant, a layman regularly employed as freight agent of a railroad company, appeared in its behalf at hearings before the Public Service Commission of Missouri, filed pleadings and other documents, gave advice as to the facts to be established, and examined and cross-examined witnesses in such hearings. The court held that such activity constituted the unauthorized practice of law.

In *State ex rel. Daniel* v. *Wells,* 191 S. C. 468, 5 S. E. 2d 181, the court held that the defendant, a layman who was a paid representative of an insurance company, in appearing in behalf of the company at hearings before individual members of the workmen's compensation commission of South Carolina, an administrative tribunal, was engaged in the practice of law. In the opinion the court said:

"Applying the foregoing principles to the work of respondent in appearing at hearings before the individual commissioners, we think such services constitute the practice of law.

"While there are no formal pleadings, the issues as to both facts and law are made before such commissioners. At this hearing the record is made and it is upon this record that the proceedings may be reviewed by the full Commission, from whose award an appeal may be taken to the Circuit Court. The ultimate rights of the parties depend upon the record made before the hearing commissioner. It is true that the full Commission is empowered to reconsider the evidence and take additional evidence, but such power is exercised only on rare occasions. In the number of appeals to this Court, the record in most, if not all, of the cases was made before the hearing commissioner. Examination and cross examination of witnesses require a knowledge of relevancy and materiality.

Such examination is conducted in much the same manner as that of the Circuit Court. Improper or irrelevant testimony must be objected to, or otherwise it may be considered. *Rice* v. *Brandon Corporation,* 190 S. C. 229, 2 S. E. 2d 740. While findings of fact will be upheld by the Court if there is any evidence on which it can rest, it must be founded on evidence and cannot rest on surmise, conjecture or speculation. *Rudd* v. *Fairforest Finishing Company,* 189 S. C. 188, 200 S. E. 727. Depositions are taken under the procedure of the Circuit Court. The various decisions of this Court since this legislation was enacted illustrate the difficult and complicated questions which arise in the construction of the Act and its application. Facts must be weighed by the commissioner in the light of legal principles. The hearing commissioner makes not only findings of fact, but states his conclusions of law."

The opinion in that case also contains these statements: "We are not unmindful that the Commission is frequently denominated an administrative tribunal. But it is the character of the services rendered, and not the denomination of the tribunal before whom such services are rendered, which controls in determining whether such services constitute the practice of law. It is also true that it was the intention of the Legislature to provide an inexpensive, simple, summary and expeditious method for the adjustment of the claims of injured employees. We may add that such purpose is largely accomplished by the provisions of the Act in reference to amicable agreements of the parties which render expert legal assistance unnecessary in the overwhelming number of industrial accidents."

Though the activity of the defendant in appearing as agent at hearings before the State Compensation Commissioner and his duly appointed trial examiners in behalf of claimants and in preparing and filing notices of appeal to the appeal board and the other acts mentioned and enjoined in the final decree constitute the practice of law, it is clear that some activities in connection with

claims for compensation before the commissioner do not constitute the practice of law and may be engaged in by a layman in behalf of another person without being guilty of unauthorized practice of law.

Section 14, Article 1, Chapter 23, Code, 1931, provides that the State Compensation Commissioner shall prepare and furnish blank forms of applications for benefits, notices to employers, proofs of injury or death, of medical attendance, of employment and wage earnings and other proofs, and that it is the duty of employers to keep on hand a sufficient supply of such blanks at all times. The completion of such blank forms does not require any knowledge and skill beyond that possessed by the ordinarily experienced and intelligent layman, and a layman may properly complete and file such forms in behalf of another person as employer, employee, claimant or beneficiary without engaging in the practice of law. In *Shortz v. Farrell*, 327 Pa. 81, 193 A. 20, the court said that preparation and filing of pleadings in connection with a workmen's compensation claim do not constitute practice of law for the reason that they are executed on forms prepared by the Workmen's Compensation Board, are elementary in character, and do not rise to the dignity of pleadings as that term is understood in judicial proceedings. See also *Goodman v. Beall*, 130 Ohio St. 427, 200 N. E. 470. A natural person who appears in his own behalf as claimant, litigant, or party in interest in courts or other duly constituted agencies or tribunals does not engage in the unauthorized practice of law. *Clark v. Austin*, 340 Mo. 467, 101 S. W. 2d 977. Natural persons may manage, prosecute, or defend their own actions, suits and proceedings and defend prosecutions against themselves except when the public welfare demands otherwise, and such activity does not constitute the practice of law. *In re Opinion of the Justices*, 289 Mass. 607, 194 N. E. 313.

A corporation is not a natural person but is an artificial entity created by law and for that reason in legal

matters it must act through duly licensed attorneys. *Clark* v. *Austin,* 340 Mo. 467, 101 S. W. 2d 977. A corporation or other lay agency can not practice law or hire lawyers to practice law for it. *People ex rel. Illinois State Bar Association* v. *People's Stock Yards State Bank,* 344 Ill. 462, 176 N. E. 901; *People ex rel. Chicago Bar Association* v. *Motorists Association of Illinois,* 354 Ill. 595, 188 N. E. 827; *Chicago Bar Association* v. *United Taxpayers of America,* 312 Ill. App. 243, 38 N. E. 2d 349; *In re Brotherhood of Railroad Trainmen,* 13 Ill. 2d 391, 150 N. E. 2d 163; *In re Opinion of the Justices,* 289 Mass. 607, 194 N. E. 313; *Land Title Abstract and Trust Company* v. *Dworken,* 129 Ohio St. 23, 193 N. E. 650; *New Jersey State Bar Association* v. *Northern New Jersey Mortgage Associates,* 22 N. J. 184, 123 A. 2d 498; *Rhode Island Bar Association* v. *Automobile Service Association,* 55 R. I. 122, 179 A. 139, 100 A.L.R. 226; *State ex rel. Daniel* v. *Wells,* 191 S. C. 468, 5 S. E. 2d 181; *Richmond Association of Credit Men* v. *Bar Association of City of Richmond,* 167 Va. 327, 189 S. E. 153.

The justification for excluding from the practice of law persons who are not admitted to the bar and for limiting and restricting such practice to licensed members of the legal profession is not the protection of the members of the bar from competition or the creation of a monopoly for the members of the legal profession, but is instead the protection of the public from being advised and represented in legal matters by unqualified and undisciplined persons over whom the judicial department of the government could exercise slight or no control. *Chicago Bar Association* v. *United Taxpayers of America,* 312 Ill. App. 243, 38 N. E. 2d 349; *Lowell Bar Association* v. *Loeb,* 313 Mass. 176, 52 N. E. 2d 27; *In re Shoe Manufacturers Protection Association, Inc.,* 295 Mass. 369, 3 N. E. 2d 746; *State ex rel. Wright* v. *Barlow,* 132 Neb. 166, 268 N. W. 95; *New Jersey State Bar Association* v. *Northern New Jersey Mortgage Associates,* 22 N. J. 184, 123 A. 2d 498; *People* v. *Alfani,* 227 N. Y. 334, 125 N. E. 671; *State ex rel. Daniel* v. *Wells,*

191 S. C. 468, 5 S. E. 2d 181. The admission to membership in the legal profession is a privilege granted in the interest of the public to those who are morally fit and mentally qualified for the sole purpose of protecting the unwary and the ignorant from injury at the hands of persons unskilled or unlearned in the law. *Tumulty* v. *Rosenblum,* 134 N.J.L. 514, 48 A. 2d 850. The licensing of lawyers is not designed to give rise to a professional monopoly but instead to serve the public right to protection against unlearned and unskilled advice and service in relation to legal matters. *Auerbacher* v. *Wood,* 142 N. J. Eq. 484, 59 A. 2d 863. The reason for the requirement that the practice of law be engaged in only by duly licensed practitioners of the law is to establish and maintain a legal standard by which the rights of persons may not be jeopardized or sacrificed by counsel and advice of unlicensed and incompetent persons who give or attempt to give legal advice, prepare documents and pleadings, file and prosecute proceedings and examine witnesses in courts or other tribunals. *State ex rel. Hunter* v. *Kirk,* 133 Neb. 625, 276 N. W. 380. It is essential to the administration of justice and the proper protection of society that unlicensed persons be not permitted to prey upon the public by engaging in the practice of law. *Clark* v. *Austin,* 340 Mo. 477, 101 S. W. 2d 977. The reason laymen are forbidden to engage in the practice of law is that it is detrimental to the public interest for them to represent themselves to the public that they are qualified to do so when in fact they are not so qualified. *Liberty Mutual Insurance Company* v. *Jones,* 344 Mo. 932, 130 S. W. 2d 945, 125 A.L.R. 1149.

In *In re Opinion of the Justices,* 279 Mass. 607, 180 N. E. 725, 81 A.L.R. 1059, the court said: "It is indispensable to the administration of justice and the interpretation of the laws that there be members of the bar of sufficient ability, adequate learning and sound moral character. This arises from the need of enlightened assistance to the honest, and restraining authority over the knavish, litigant. It is highly important, also, that the

public be protected from incompetent and vicious practitioners, whose opportunity for doing mischief is wide. It was said by Cardozo, C. J., in *Karlin* v. *Culkin*, 248 N. Y. 465, 470—471: 'Membership in the bar is a privilege burdened with conditions.' One is admitted to the bar 'for something more than private gain.' He becomes 'an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice. His co-operation with the court' is due 'whenever justice would be imperiled if co-operation was withheld.' Without such attorneys at law the judicial department of government would be hampered in the performance of its duties. That has been the history of attorneys under the common law, both in this country and in England." See also *Meunier* v. *Bernich*, (La. Court of Appeal), 170 So. 567.

Though there are some decisions to the contrary, particularly *In re Cooper*, 22 N. Y. 67, and *In re Applicants for License*, 143 N. C. 1, 55 S. E. 635, the clear and decided weight of authority, some of the decisions, however, being by a divided court, is that the judicial department, as one of the three separate and independent branches of the government of the state, has the inherent power to define, supervise, regulate and control the practice of law and that the Legislature can not restrict or impair this power of the courts or permit or authorize laymen to engage in the practice of law. *In re Bailey*, 30 Ariz. 407, 248 P. 29; *State Bar Association of Connecticut* v. *The Connecticut Bank and Trust Company*, 20 Conn. Sup. 248, 131 A. 2d 646; *Application of Kaufman*, 69 Idaho 297, 206 P. 2d 528; *People ex rel. Chicago Bar Association* v. *Goodman*, 366 Ill. 346, 8 N. E. 941, 111 A.L.R. 1, certiorari denied, 302 U. S. 728, 58 S. Ct. 49, 82 L. Ed. 562; *People ex rel. Illinois State Bar Association* v. *People's Stock Yards State Bank*, 344 Ill. 462, 176 N. E. 901; *In re Day*, 181 Ill. 73, 54 N. E. 646, 50 L.R.A. 519; *Bump* v. *District Court of Polk County*, 232 Iowa 623, 5 N. W. 2d 914; *Meunier* v. *Bernich*, (La. Court of Appeal), 170 So. 567; *Lowell Bar Association* v. *Loeb*, 315 Mass. 176,

52 N. E. 2d 27; *In re Keenan*, 313 Mass. 186, 47 N. E. 2d 12; *In re Keenan*, 310 Mass. 166, 37 N. E. 2d 516, 137 A.L.R. 766; *In re Opinion of the Justices*, 289 Mass. 607, 194 N. E. 313; *In re Opinion of the Justices*, 279 Mass. 607, 180 N. E. 725, 81 A.L.R. 1059; *Hulse* v. *Criger*, 363 Mo. 26, 247 S. W. 2d 855; *State ex rel. Johnson* v. *Childe*, 147 Neb. 527, 23 N. W. 2d 720; *State ex rel. Johnson* v. *Childe*, 139 Neb. 91, 295 N. W. 381; *State ex rel. Hunter* v. *Kirk*, 137. Neb. 625, 276 N. W. 380; *In re Integration of Nebraska State Bar Association*, 133 Neb. 283, 275 N. W. 265, 114 A.L.R. 151; *State ex rel. Wright* v. *Barlow*, 132 Neb. 166, 268 N. W. 95; *New Jersey State Bar Association* v. *Northern New Jersey Mortgage Associates*, 22 N. J. 184, 123 A. 2d 498; *Creditors' Service Corporation* v. *Cummings*, 57 R. I. 291, 190 A. 2; *Commonwealth* v. *Jones and Robins*, 186 Va. 30, 41 S. E. 2d 720; *Richmond Association of Credit Men* v. *Bar Association of City of Richmond*, 167 Va. 327, 189 S. E. 153; *Norfolk and Portsmouth Bar Association* v. *Drewry*, 161 Va. 833, 172 S. E. 282.

In the proceeding of *In re Application for License to Practice Law*, 67 W. Va. 213, 67 S. E. 597, this Court said:

"With scarcely an exception it has been held that both in the admission to and suspension from practice of the law, courts act judicially in the exercise of an inherent power, and not in a mere administrative or ministerial capacity, and in the execution of the will of some other branch of the government. *In Re Day*, supra, pages 85, 91; *Ex-parte Secombe*, 19 How. 9; *Garrigus* v. *State*, 93 Ind. 242; *In Re Splane*, supra; *In Re Garland*, 71 U. S. 333, Syl., 6; *Walker* v. *State*, 4 W. Va. 749, 753; *State* v. *McClaugherty*, 33 W. Va. 250; *State* v. *Stiles*, 48 W. Va. 425; *State* v. *Shumate*, Id. 359, and *State* v. *Hays*, 64 W. Va. 45.

"But notwithstanding the jurisdiction of the courts over the subject it has been generally conceded that the legislature may in the exercise of its police power, pre-

scribe reasonable rules and regulations for admissions to the bar, which will be followed by the courts. But the legislature may not impose unreasonable rules or deprive the courts of their inherent power to prescribe other rules and conditions of admission to practice. *In Re Day,* supra p. 95; *In Re Leach,* 134 Ind. 665, 671-2; 3 Am. & Eng. Ency. Law, 287; 4 Cyc. 900; *Ex-parte Secombe,* supra; *In Re Goodell,* 39 Wis. 232, 20 Am. Rep. 42."

In the more recent proceeding of *In Re Eary,* 134 W. Va. 204, 58 S. E. 2d 647, the opinion contains this statement: "This Court has the inherent power to grant or refuse a license to practice law." The opinion also uses this language: "It is the duty of this Court to scrutinize carefully the qualifications of persons who seek to be admitted to practice before the courts of this State, in order that the public may be protected and the courts assisted in the discharge of the vital duties of the administration of law and the resolving of legal controversies. If this Court permits persons to enter the profession of the law who do not have the requisite moral qualifications, it would result in debasing the profession and would bring disrepute upon the administration of justice. Thereby, the confidence of the people in their courts would be destroyed. This we cannot permit."

The judicial department of the government has the inherent power, independent of any statute, to inquire into the conduct of a natural person, a lay agency, or a corporation to determine whether he or it is usurping the function of an officer of a court and illegally engaging in the practice of law and to put an end to such unauthorized practice wherever it is found to exist. *Richmond Association of Credit Men* v. *Bar Association of City of Richmond,* 167 Va. 327, 189 S. E. 153; *People ex rel. Illinois State Bar Association* v. *People's Stock Yards State Bank,* 344 Ill. 462, 176 N. E. 901; *State ex rel. Boynton* v. *Perkins,* 138 Kan. 899, 28 P. 2d 765; *Clark* v. *Austin,* 340 Mo. 467, 101 S. W. 2d 977; *State ex rel. Johnson* v. *Childe,* 147 Neb. 527, 23 N. W. 2d 721; *New Jersey*

*State Bar Association* v. *Northern New Jersey Mortgage Associates,* 22 N. J. 184, 123 A. 2d 498, *In re Baker,* 8 N. J. 321, 85 A. 2d 505; *Rhode Island Bar Association* v. *Automobile Service Association,* 55 R. I. 122, 179 A. 139, 100 A.L.R. 226; *Norfolk and Portsmouth Bar Association* v. *Drewry,* 161 Va. 833, 172 S. E. 282; *In re Morse,* 98 Vt. 85, 126 A. 550, 36 A.L.R. 527.

By Article VIII, Section 1 of the Constitution of this State, the judicial power of the State is vested in the Supreme Court of Appeals, in the Circuit Courts and their judges, in such inferior tribunals as are authorized by the Constitution, and in justices of the peace. Under this grant of power to the judiciary it has the power by necessary implication to define, supervise, regulate and control the practice of law. See *People ex rel. Illinois State Bar Association* v. *People's Stock Yards State Bank,* 344 Ill. 462, 176 N. E. 901; *In re Day,* 181 Ill. 73, 54 N. E. 646, 50 L.R.A. 519; *State ex rel. Hunter* v. *Kirk,* 133 Neb. 625, 276 N. W. 380. In *In re Integration of Nebraska State Bar Association,* 133 Neb. 283, 275 N. W. 265, 114 A.L.R. 151, the court said: "The practice of law is so intimately connected and bound up with the exercise of judicial power in the administration of justice that the right to define and regulate its practice naturally and logically belongs to the judicial department of our state government." In *State ex rel. Hunter* v. *Kirk,* 133 Neb. 625, 276 N. W. 380, the court said: "The proper administration of justice is the main business of a court, and whatever obstructs or embarrasses its chief function must naturally be under its control."

By Article V, Section 1, the legislative, executive and judicial departments of this State shall be separate and distinct so that neither shall exercise the powers properly belonging to either of the others. Under that provision of the Constitution the rule adopted by this Court, effective May 1, 1947, defining the practice of law, quoted earlier in this opinion, is a valid exercise of the inherent power of this Court, apart from an independent of Sec-

tion 4a, Article 1, Chapter 51, Code, 1931, as amended. That statute is merely a legislative declaration of the inherent power of this Court to promulgate its rule defining the practice of law and is in no sense a delegation of legislative power to this Court.

As the sole power to define, supervise, regulate and control the practice of law is inherent in the judicial branch of the government, the Legislature does not have the power to admit persons to the practice of law or to permit laymen to engage in activities which constitute the practice of law as defined by this Court. The Legislature has no more right to usurp the powers of the judiciary than the judiciary has to usurp the powers of Legislature. Any enactment by the Legislature which undertakes or attempts to authorize the practice of law by a person not duly licensed by the courts or to permit laymen to engage in the practice of law, is void and of no force and effect as an attempt to exercise judicial power by the legislative branch of the government. *In re Application for License to Practice Law*, 67 W. Va. 213, 67 S. E. 597; *State Bar Association of Connecticut* v. *The Connecticut Bank and Trust Company*, 20 Conn. Sup. 248, 131 A. 2d 646; *People ex rel. Chicago Bar Association* v. *Goodman*, 366 Ill. 346, 8 N. E. 2d 941, 111 A.L.R. 1, certiorari denied, 302 U. S. 728, 58 S. Ct. 49, 82 L. Ed. 562; *People ex rel. Illinois State Bar Association* v. *People's Stock Yards State Bank*, 344 Ill. 462, 176 N. E. 901; *In re Day*, 181 Ill. 73, 54 N. E. 646, 50 L.R.A. 519; *In re Keenan*, 313 Mass. 186, 47 N. E. 2d 12; *In re Opinion of the Justices*, 289 Mass. 607, 194 N. E. 313; *In re Opinion of the Justices*, 279 Mass. 607, 180 N. E. 725, 81 A.L.R. 1059; *Clark* v. *Austin*, 340 Mo. 467, 101 S. W. 2d 977; *State ex rel. Johnson* v. *Childe*, 139 Neb. 91, 295 N. W. 381; *In re Integration of Nebraska State Bar Association*, 133 Neb. 283, 275 N. W. 265, 114 A.L.R. 151; *Creditors' Service Corporation* v. *Cummings*, 57 R. I. 291, 190 A. 2; *Richmond Association of Credit Men* v. *Bar Association of City of Richmond*, 167 Va. 327, 189 S. E. 153; 11 Am. Jur., Constitutional Law,

534

Section 213; 7 C.J.S., Attorney and Client, Section 5a. A statute which provides that the supreme court shall, by general or special rules, regulate admission of attorneys to practice in state courts is declaratory of power inherent in the supreme court to supervise, regulate and control generally the practice of law. *People ex rel. Chicago Bar Association* v. *Goodman*, 366 Ill. 346, 8 N. E. 2d 941, 111 A.L.R. 1, certiorari denied, 302 U. S. 728, 58 S. Ct. 49, 82 L. Ed. 562; *In re Day*, 181 Ill. 73, 54 N. E. 646, 50 L.R.A. 519; *Rhode Island Bar Association* v. *Automobile Service Association*, 55 R. I. 122, 179 A. 139, 100 A.L.R. 226. No statute, however, can control the judicial department in the performance of its duty to decide who shall enjoy the privilege of practicing law. *In re Keenan*, 310 Mass. 166, 37 N. E. 2d 516, 137 A.L.R. 766; *In re Opinion of the Justices*, 279 Mass. 607, 180 N. E. 725, 81 A.L.R. 1059. A statute which undertakes to regulate admission to the bar and specifies qualifications for such admission will be regarded as fixing the minimum and not as setting bounds beyond which the judicial department can not go and as fixing limitations upon persons seeking admission to the bar but not upon the judicial department of the government. *In re Keenan*, 313 Mass. 186, 47 N. E. 2d 12; *In re Opinion of the Justices*, 279 Mass. 607, 180 N. E. 725, 81 A.L.R. 1059.

In *New Jersey State Bar Association* v. *Northern New Jersey Mortgage Associates*, 22 N. J. 184, 123 A. 2d 498, the opinion contains this language: "While the Legislature may act to prevent the evils which may arise from the unauthorized practice of law, 'penal statutes are an aid to and not a limitation upon the exercise by the judiciary of its power to regulate the practice of law,' *In re Baker*, supra, 8 N. J., at page 356; see also *People ex rel. Chicago Bar Ass'n* v. *Goodman*, 366 Ill. 346, 8 N. E. 2d 941, 111 A.L.R. 1 (Sup. Ct. 1937), certiorari denied 302 U. S. 728, 58 S. Ct. 49, rehearing denied 302 U. S. 777, 58 S. Ct. 138, 82 L. Ed. 601; *Rhode Island Bar Ass'n* v. *Automobile Service Ass'n*, 55 R. I. 122, 179 A. 139 (Sup. Ct. 1935)."

In *Creditor's Service Corporation* v. *Cummings*, 57 R. I. 291, 190 A. 2, the opinion contains this pertinent language: "Although the legislature may not subvert the power of the judiciary, yet it may, in the exercise of the police power, pass laws which are in aid of the judicial power that it deems necessary or expedient. In the exercise of this power, the legislature may properly enact a statute designed to protect the public against imposition, incompetency and dishonesty, but it has no power to pass a law granting the right to anyone to practice law. The former type of enactment tends to strengthen the judicial authority to regulate the practice of law and so assists the courts in protecting the public against practices that are not tolerated from members of the bar, while the latter is an encroachment upon the judicial power and invalid because it is in derogation of the inherent and exclusive prerogative of the court."

Section 13, Article 1, Chapter 23, Code, 1931, empowering the State Compensation Commissioner to adopt reasonable and proper rules of procedure and to regulate and provide for the method of taking proof and evidence, does not undertake to authorize him to promulgate a rule by which a layman may appear as an agent in behalf of a claimant or employer in hearings before the commissioner and by permission of the commissioner to practice before him. But even if the statute attempted to authorize the commissioner to promulgate a rule of that character such provision of the statute would be void as a legislative encroachment upon the inherent power of the judicial department of the government. The State Compensation Commissioner, as an administrative agency or tribunal, is without power or authority by rule or otherwise to permit an agent who is not a duly licensed attorney to practice before him and any provision of Rule 21 which attempts to permit an agent who is not a duly licensed attorney to practice before the commissioner is void and of no force or effect. *People ex rel. Chicago Bar Association v. Goodman*, 366 Ill. 346, 8 N. E. 2d 941, 111 A.L.R. 1, certiorari denied, 302 U. S.

728, 58 S. Ct. 49, 82 L. Ed. 562; *Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 52 N. E. 2d 27; *State ex rel. Johnson* v. *Childe,* 139 Neb. 91, 295 N. W. 381; *State ex rel. Daniel* v. *Wells,* 191 S. C. 468, 5 S. E. 2d 181; Am. Jur., Attorneys at law, Section 14, 1958 Cumulative Supplement.

There is no merit in the contention of the defendant that, as he is a layman and not an officer of a court, he is not subject to the rule of this Court regulating the practice of law and that he can not be prevented from representing claimants before the State Compensation Commissioner, which is not a judicial tribunal but is an administrative agency. In the exercise of their inherent power, the courts may supervise, regulate and control the practice of law by duly authorized attorneys and prevent the unauthorized practice of law by any person, agency or corporation. *People ex rel. Chicago Bar Association* v. *Goodman,* 366 Ill. 346, 8 N. E. 2d 941, 111 A.L.R. 1, certiorari denied, 302 U. S. 728, 58 S. Ct. 49, 82 L. Ed. 562; *People ex rel. Illinois State Bar Association* v. *People's Stock Yards State Bank,* 344 Ill. 462, 176 N. E. 901; *In re Day,* 181 Ill. 73, 54 N. E. 646, 50 L.R.A. 519; *Fitchette* v. *Taylor,* 191 Minn. 582, 254 N. W. 910, 94 A.L.R. 356; *State ex rel. Wright* v. *Barlow,* 131 Neb. 294, 268 N. W. 95; *Rhode Island Bar Association* v. *Automobile Service Association,* 55 R. I. 122, 179 A. 139, 100 A.L.R. 226; *Richmond Association of Credit Men* v. *Bar Association of City of Richmond,* 167 Va. 327, 189 S. E. 153. It would indeed be an anomaly if the power of the courts to protect the public from the improper or unlawful practice of law were limited to licensed attorneys and did not extend or apply to incompetent and unqualified laymen and lay agencies. Such a limitation of the power of the courts would reduce the legal profession to an unskilled vocation, destroy the usefulness of licensed attorneys, as officers of the courts, and substantially impair and disrupt the orderly and effective administration of justice by the judicial department of the government; and this the law will not recognize or permit.

The judgment of the Circuit Court of Fayette County is affirmed.

*Affirmed.*