294 S.E.2d 137

**William B. CAREY**

v.

**The Hon. Pierre E. DOSTERT, Judge, etc.**

**No. 15448.**

Supreme Court of Appeals of West Virginia.

July 1, 1982.

William B. Carey, Berkeley Springs, Charles R. Garten, Charleston, for petitioner.

Pierre E. Dostert, Judge, Circuit Court, Berkeley Springs, for respondent.

HARSHBARGER, Justice:

Attorney William Carey returned from his honeymoon and read in his local newspaper that Circuit Judge Pierre Dostert had issued a rule for him to show cause why he should not be disbarred. An affidavit filed by one of Carey's clients [1] in-

1. After arguments were made to us, the Legal Ethics Committee of our State Bar exonerated Carey of all substantive charges against him.

spired Judge Dostert; Carey came to us for prohibition, which we grant.

■ We must decide whether a circuit court judge has authority by W.Va.Code, 30-2-7, to suspend or annul an attorney's license to practice:

> If the supreme court of appeals or any court of record of this State, except the county court, observe any malpractice therein by any attorney, or if complaint, verified by affidavit, be made to any such court of malpractice by any attorney therein, such court shall order the attorney to be summoned to show cause why his license shall not be suspended or annulled. A summons shall thereupon be issued by the clerk of such court containing a copy of the charges and requiring the attorney to appear and answer the same on a day to be named therein, which summons may be served in the same manner as a summons commencing an action may be served, and the service shall be made at least five days before the return day thereof. Upon the return of the summons executed, if the attorney appear and deny the charge of malpractice, the court shall, without a jury, try the same. If the attorney be found guilty by the court, or if he fail to appear and deny the charge, the court may either suspend or annul the license of such attorney as in its judgment shall seem right.
>
> Whenever a judgment or decree shall be standing or rendered in any of said courts against an attorney for money collected by him as such, it shall be the duty of such court to suspend the license of such attorney until such judgment or decree shall be satisfied.
>
> An appeal shall lie from any court of record of limited jurisdiction established under the provisions of section 19 of article VIII of the Constitution of this State, to the circuit court of the county, and from any circuit court to the supreme court of appeals of the State, from any order suspending or annulling the license of any attorney proceeded against under the provisions of this section. W.Va.Code, 30-2-7.

This section, enacted in 1923, was preempted and superseded by Code, 51-1-4a in 1945, our Bar By-Laws and their amendments (particularly those of 1979) and the 1974 amendments to Article VIII of our West Virginia Constitution.[2] Code, 30-2-7 is not, and for many years has not been, law.

■ The power to supervise, regulate and control the practice of law includes the power to admit and disbar attorneys.

> Our state constitution provides that this Court has "the power to promulgate rules for all cases and proceedings, civil and criminal, for all of the courts of the State relating to writs, warrants, *process* [,] *practice and procedure*, which shall have the force and effect of law." (Emphasis added.) W.Va.Const. art. 8, § 3. This constitutional provision vests in this Court the indisputable and exclusive authority to define, regulate and control the practice of law in West Virginia. *Stern Bros. Inc. v. McClure*, 160 W.Va. 567, 236 S.E.2d 222 (1977).
>
> *State ex rel. Frieson v. Isner*, 168 W.Va. 758, 285 S.E.2d 641, 647–648 (1981) (footnote omitted).

*See also Pushinsky v. West Virginia Board of Law Examiners*, 164 W.Va. 736, 266 S.E.2d 444 (1980); *State ex rel. Preissler v. Dostert*, 163 W.Va. 719, 260 S.E.2d 279 (1979); *State ex rel. Partain v. Oakley*, 159 W.Va. 805, 227 S.E.2d 314 (1976); *West Virginia State Bar v. Earley*, 144 W.Va. 504, 109 S.E.2d 420, 437–439 (1959), and Syllabus Points 7 and 10.

Code, 51-1-4a, acknowledges our authority to regulate law practice:

> The supreme court of appeals of West Virginia shall, from time to time, prescribe, adopt, promulgate, and amend rules:
>
> (a) Defining the practice of law.
>
> (b) Prescribing a code of ethics governing the professional conduct of attor-

---

**2.** See a similar discussion of the obsolescence of Code, 30-2-8 in *State ex rel. Askin v. Dostert,*

170 W.Va. 562, 295 S.E.2d 271 (1982).

neys-at-law and the practice of law, and prescribing a code of judicial ethics.

(c) Prescribing procedure for disciplining, suspending, and disbarring attorneys-at-law.

(d) Organizing and governing by and through all of the attorneys-at-law practicing in this State, an administrative agency of the supreme court of appeals of West Virginia, which shall be known as "the West Virginia State bar." The West Virginia State bar shall be a part of the judicial department of the State government and is hereby created for the purpose of enforcing such rules as may be prescribed, adopted and promulgated by the court from time to time under this section. It is hereby authorized and empowered to perform the functions and purposes expressed in a constitution, by-laws and amendments thereto as shall be approved by the supreme court of appeals from time to time. All persons practicing law in this State shall be members of the West Virginia State bar in good standing: Provided, however, that the West Virginia State bar shall not become operative until its constitution and bylaws shall first have been submitted to all attorneys-at-law practicing in this State, including those presently serving in the armed forces of the United States, for the purpose of securing the suggestions and recommendations of all such attorneys-at-law, for a period of at least sixty days prior to the entry of an order by such court approving said constitution and bylaws.

. . . . .

The inherent rule-making power of the supreme court of appeals is hereby declared.

When and as the rules of the court herein authorized shall be prescribed, adopted, and promulgated, all laws and parts of laws that conflict therewith shall be and become of no further force or effect to the extent of such conflict.

This last paragraph emphasizes that our procedures for disciplining, suspending or disbarring lawyers supersede conflicting legislation.

The 1974 Judicial Reorganization Amendment to our State Constitution also recognized that previously enacted laws repugnant to it were voided. W.Va.Const. art. VIII, § 13.

West Virginia's rules regarding practice and discipline of attorneys are in the Constitution, By-Laws and Rules and Regulations of the State Bar, W.Va.Code, App. The last paragraph of Article VI, § 4, of those rules places initial supreme court regulatory authority in the Committee on Legal Ethics:

In the performance of its duties under the provisions of this Article VI the committee on legal ethics shall be the instrumentality of the supreme court of appeals for the supervision of the conduct of lawyers who are its officers.

W.Va.Code, App., 1981 Supp., at 131.

Section 44 of the West Virginia State Bar By-Laws emphasizes:

The provisions of this article relating to investigations and proceedings involving complaints of misconduct and orders to show cause of misconduct and petitions for reinstatement and resignation shall be liberally construed for the protection of the public, the courts and the legal profession, and *shall apply to all pending investigations*, complaints and other proceedings so far as may be practicable, *and to all future investigations, complaints and proceedings*, whether the conduct involved occurred prior or subsequent to alterations or amendments to this article. (Emphasis added.)

W.Va.Code, App., 1981 Supp., at 148–149.

We are the final arbiters of legal ethics problems. *State ex rel. Sowa v. Sommerville*, 167 W.Va. 353, 280 S.E.2d 85 (1981); By-Laws of West Virginia State Bar, Art. VI, A, § 20 and § 38.

Judge Dostert argued that By-Law, Art. VI, § 3 recognized his power to disbar: "Nothing in this article contained shall be deemed to interfere with the inherent powers of any court." A court's common-law power to disbar was applicable only to practice before that court and did not affect an attorney's license to practice. *Ex parte Mitchell*, 123 W.Va. 283, 14 S.E.2d

771 (1941); *Ex parte Hunter*, 2 W.Va. 122 (1867). But now, a license to practice may only be granted by this Court, *Pushinsky v. Board of Law Examiners, supra; In re Daniel*, 153 W.Va. 839, 173 S.E.2d 153 (1970); *In re Eary*, 134 W.Va. 204, 58 S.E.2d 647 (1950); *In re License to Practice Law*, 67 W.Va. 213, 67 S.E. 597 (1910), and may be annulled only by us.

Code, 30–2–7 supplanted rather than added to a circuit court's common-law power to disbar [3] and Code, 30–2–7 has now been superseded by Code, 51–1–4a, By-Laws of the West Virginia Bar, and most importantly, our Constitution. A trial court that discovers attorney misconduct must complain to the Legal Ethics Committee, By-Laws, Article VI, § 1, § 4 (paragraph 2).

We prohibit Judge Dostert from proceeding further against lawyer Carey.

Writ granted.

To the extent that *In re Damron*, 131 W.Va. 66, 45 S.E.2d 741 (1947), and *Fahey v. Brennan*, 136 W.Va. 666, 68 S.E.2d 1 (1951), are inconsistent with this opinion, they are overruled.

---

**3.** We do not discuss a court's power to cite for contempt, which differs from disbarment. *State v. Shumate*, 48 W.Va. 359, 37 S.E. 618 (1900), and *State v. Boyd*, 166 W.Va. 690, 276 S.E.2d 829 (1981).