324 S.E.2d 152

Basil O'Dell SCITES, Petitioner,

v.

Timothy E. HUFFMAN, Commr., et als.

No. 16505.

Supreme Court of Appeals of
West Virginia.

Dec. 19, 1984.

Daniel F. Hedges, Charleston, for petitioner.

Chauncey H. Browning, Atty. Gen., Gregory W. Bailey, Deputy Atty. Gen., William Mitchell, Asst. Atty. Gen., Charleston, for respondents.

McHUGH, Chief Justice:

In this original mandamus action, this Court is asked to review the propriety of alleged delays in the processing of claims for workers' compensation.[1] The petitioner is Basil O'Dell Scites, an employee seeking workers' compensation benefits. The respondents are the Commissioner of the West Virginia Workers' Compensation Fund and the Chairman and members of the West Virginia Workers' Compensation Appeal Board.

By order entered on November 8, 1984, this Court directed the respondents to show cause why relief should not be granted against them. The respondents appeared in this action, and their motion to dismiss the petition was refused. This Court has before it the petition and response, all matters of record and the briefs and argument of counsel.

## I

■ The petitioner, a resident of Lincoln County, West Virginia, was employed by Michael-Walter Industries, Inc. That company is located in Kenova, West Virginia, and is in the business of supplying machinery lubricants. As the parties agree, the petitioner on September 12, 1983, sustained a back injury while loading a fork truck. He thereafter applied for and received temporary total disability benefits from the West Virginia Workers' Compensation Fund.

The petitioner asserts that, upon the filing of his application for permanent partial disability benefits relating to the injury, he will be subjected to a hearing process before the respondents of unjust length.[2] According to the petitioner, that process may last a number of years.

Principally, the petitioner contends that his right to "due process of law" under Article III, section 10, of the Constitution

---

1. The phrase "workers' compensation" is now used in this State in place of the phrase "workmen's compensation." *W.Va. Code,* 23–1–1 [1984].

2. This Court does not consider this action to be unripe for decision, even though the respondents suggest that at this time the manner in which the petitioner's claim for permanent partial disability benefits may be processed is speculative. We find that the petitioner has a legally cognizable interest in this matter and that recurring issues of public concern are involved. By analogy, see the following cases relating to "mootness." *Marshall v. Casey,* 174 W.Va. 204, 324 S.E.2d 346 (1984), n. 4; syl. pt. 1, *State ex rel. J.D.W. v. Harris,* 173 W.Va. 690, 319 S.E.2d 815 (1984); syl. pt. 1, *State ex rel. M.C.H. v. Kinder,* 173 W.Va. 387, 317 S.E.2d 150 (1984); *State ex rel. Barker v. Manchin,* 167 W.Va. 155, 279 S.E.2d 622, 628 (1981).

of West Virginia and his right to justice without "denial or delay" under Article III, section 17, of the Constitution of West Virginia[3] cannot be realized with respect to his claim for permanent partial disability benefits because (1) the hearing process before the Commissioner, concerning claims for workers' compensation, results in unjust delay, (2) such delay is exacerbated by "the requirement of the presence of a physician to introduce medical reports into evidence" during hearings before the Commissioner and (3) the Workers' Compensation Appeal Board routinely fails to timely review the action of the Commissioner concerning claims for workers' compensation.

On the other hand, the respondents have submitted affidavits to the effect that claims of injured workers for workers' compensation are being processed before the Commissioner and Appeal Board in a fair and expeditious manner.

## II

Simply stated, when an employee, protected by the workers' compensation laws of this State, is injured in the course of and resulting from his or her employment, the Commissioner is entitled to receive written notice of the injury, *W. Va. Code*, 23–4–1a [1973], *W. Va. Code*, 23–4–1b [1975], and the employee is entitled to apply for workers' compensation benefits. *W. Va. Code*, 23–4–15 [1973]. The Commissioner then acts upon that application with respect to the awarding of benefits, and the parties involved in the claim may object to the Commissioner's action. One or more evidentiary hearings[4] are then held until a final decision upon the application is reached by the Commissioner. *W. Va. Code*, 23–5–1 [1973]. The Commissioner's final decision may be appealed to the Appeal Board, *W. Va. Code*, 23–5–1 [1973], *W. Va. Code*, 23–5–3 [1953], and subsequently to this Court. *W. Va. Code*, 23–5–4 [1945].[5]

Contending that the hearing process before the Commissioner concerning claims for workers' compensation results in unjust delay, the petitioner invites this Court to require that all such hearings be completed within a 120-day period. The record before us, however, fails to justify such a requirement.

The law of this State presently requires the "speedy and expeditious" processing of claims for workers' compensation. The most important statute in that regard is *W. Va. Code*, 23–5–3a [1971], which provides, in part:

It is the policy of this chapter that the rights of claimants for workmen's compensation be determined as speedily and expeditiously as possible to the end that those incapacitated by injuries and the dependents of deceased workmen may receive benefits as quickly as possible in view of the severe economic hardships which immediately befall the families of injured or deceased workmen. Therefore, the criteria for continuances and supplemental hearings 'for good cause shown' are to be strictly construed by the commissioner and his authorized representatives to prevent delay, in granting or denying continuances and supplemental hearings.

*See also W. Va. Code*, 23–4–7(a) [1978], which provides, in part: "The legislature hereby finds and declares that two of the primary objectives of the workmen's compensation system established by this chapter are to provide benefits to an injured claimant *promptly* and to effectuate his

---

**3.** Article III, section 10, of the Constitution of West Virginia provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers." Furthermore, Article III, section 17, of that Constitution provides, in part, that "justice shall be administered without sale, denial or delay."

**4.** The locations of hearings before the Commissioner are set forth in *W. Va. Code*, 23–5–1

[1973]. Furthermore, *W. Va. Code*, 23–1–5 [1939], provides in part: "After due notice, showing the time and place, the commissioner may hold hearings anywhere within the State, or elsewhere by agreement of claimant and employer, with the approval of the commissioner."

**5.** *Cf. Bailey v. SWCC*, 170 W.Va. 771, 296 S.E.2d 901 (1982), excusing, in certain circumstances, workers' compensation claimants from statutory time limitations.

return to work at the earliest possible time...." (emphasis added).[6]

█ A workers' compensation claimant was denied permanent partial disability benefits by the Commissioner and Appeal Board in *Workman v. Workmen's Compensation Commissioner*, 160 W.Va. 656, 236 S.E.2d 236 (1977). Upon appeal, indicating that the record was inadequate for purposes of review, this Court remanded the action to the Commissioner and Appeal Board for a speedy and expeditious determination of the claim. 160 W.Va. at 664, 236 S.E.2d at 241. Syllabus point 1 of *Workman* states: "Long delay in processing claims for workmen's compensation is not consistent with the declared policy of the Legislature to determine the rights of claimants as speedily and expeditiously as possible. W.Va. Code, 23-5-3a."

The hearing process before the Commissioner is established, principally, by *W.Va. Code*, 23-5-1 [1973].[7] Under that section, an employer or an injured employee may file an objection to the Commissioner's making, refusing or modification of an award for workers' compensation benefits. Upon receiving such an objection, the Commissioner is required, within 15 days, to set a time and place for an evidentiary hearing upon the claim. That hearing is to be held within 30 days after the filing of the objection. The hearing may be "postponed by agreement of the parties or by the commissioner for good cause."

In addition, *W.Va. Code*, 23-5-1 [1973], provides:

At any time within thirty days after hearing, if the commissioner is of the opinion that the facts have not been adequately developed at such hearing, he may order supplemental hearing upon due notice to the parties. After final hearing the commissioner shall, within thirty days, render his decision affirming, reversing or modifying, his former action, which shall be final: Provided, that the claimant or the employer may apply to the appeal board herein created for a review of such decision....[8]

---

**6.** Citing *W.Va. Code*, 23-5-3a [1971], and *W.Va. Code*, 23-4-7 [1978], this Court stated in *Meadows v. Lewis*, 172 W.Va. 457, 307 S.E.2d 625 (1983), that the workers' compensation laws of this State are "designed to compensate injured workers as speedily and expeditiously as possible...." 172 W.Va. at 470, 307 S.E.2d at 638.

**7.** *W.Va. Code*, 23-5-1 [1973], provides, in part:

[U]pon the making or refusing to make any award, or upon the making of any modification or change with respect to former findings or orders, as provided by section sixteen, article four of this chapter, the commissioner shall give notice, in writing, to the employer, employee, claimant or dependent, as the case may be, of his action, which notice shall state the time allowed for filing an objection to such finding, and such action of the commissioner shall be final unless the employer, employee, claimant or dependent shall, within thirty days after the receipt of such notice, object, in writing, to such finding. Upon receipt of such objection the commissioner shall, within fifteen days from receipt thereof, set a time and place for the hearing of evidence. * * * Both the employer and claimant shall be notified of such hearing at least ten days in advance, and the hearing shall be held within thirty days after the filing of objection to the commissioner's findings as hereinabove provided, unless such hearing be postponed by agreement of the parties or by

the commissioner for good cause. The evidence taken at such hearing shall be transcribed and become part of the record of the proceedings, together with the other records thereof in the commissioner's office. At any time within thirty days after hearing, if the commissioner is of the opinion that the facts have not been adequately developed at such hearing, he may order supplemental hearing upon due notice to the parties. After final hearing the commissioner shall, within thirty days, render his decision affirming, reversing or modifying, his former action, which shall be final: Provided, that the claimant or the employer may apply to the appeal board herein created for a review of such decision....

**8.** The history of *W.Va. Code*, 23-5-1 [1973], demonstrates a legislative intent to encourage the expeditious handling of injured workers' claims for workers' compensation. That history is set forth in footnote 8 of *Meadows v. Lewis*, 172 W.Va. 457, 307 S.E.2d 625, 639 (1983):

Concern with administrative delay has also evidenced itself in the legislative history of W.Va. Code § 23-5-1. Until 1935, there were no time restrictions on the commissioner (1) with regard to setting a time and place for the hearing of evidence on objections to commissioner decisions; (2) with regard to the time within which hearings must be held on objections to commissioner decisions; and, (3) with regard to the period of time within

The time requirements of various statutes, including *W.Va. Code*, 23–5–1 [1973], with respect to duties of the Workers' Compensation Commissioner, were considered by this Court in *Meadows v. Lewis*, 172 W.Va. 457, 307 S.E.2d 625 (1983). In that action we discussed, *inter alia*, the claim of Gerald R. Manning for workers' compensation. Upon the following facts, we concluded that the provisions of *W.Va. Code*, 23–5–1 [1973], had been violated by the Commissioner:

On April 28, 1982, the commissioner closed petitioner Manning's TTD claim. Manning's counsel filed an objection two days later. * * * The commissioner finally conducted the hearing on June 14, 1982, two weeks past the 30-day time limit prescribed by W.Va. Code § 23–5–1.

The commissioner then had 30 days to render a decision on Manning's objection. The commissioner once again failed to act.... A decision was eventually issued on February 7, 1983, more than six months after the expiration of the 30-day decision period.

172 W.Va. at 472, 307 S.E.2d at 640.

We observed in *Meadows* that the duties of the Commissioner under *W.Va. Code*, 23–5–1 [1973], as to time requirements, are mandatory. 172 W.Va. at 470–471, 307 S.E.2d at 639. Those duties, of course, include the requirement that, in addition to holding a hearing within the thirty-day period described in *W.Va. Code*, 23–5–1 [1973], the Commissioner must render a decision within thirty days after final hearing.

■ Considering such case law, and statutory mandates and requirements as to time, concerning the processing of claims, we decline, upon this record, to impose upon the workers' compensation system the additional time requirements proposed by the petitioner. However, we reaffirm that, in view of the policy of the West Virginia workers' compensation system, reflected in *W.Va. Code*, 23–5–3a [1971], that "the rights of claimants for workmen's [now workers'] compensation be determined as speedily and expeditiously as possible," the time limits specified in *W.Va. Code*, 23–5–1 [1973], with respect to actions by the Commissioner concerning the processing of claims for workers' compensation, are mandatory. *Meadows v. Lewis*.

It should be noted that, as the pleadings indicate, the parties agree that workers' compensation hearings, upon a particular claim, are "routinely conducted by different persons." In that regard, the petitioner alleges: "The fact of the multiple hearings by different examiners and the rulings by again another person contributes to the cost, the delay, and potential for error." Although we decline in this action to specifically address the question of whether the Commissioner's hearings upon a claim for workers' compensation may properly be conducted by different persons, we recognize that the petitioner's concern may have validity. *Cf. Allen v. State of West Virginia Human Rights Commission*, 174 W.Va. 139, 324 S.E.2d 99 (1984), discussing hearing examiners and the West Virginia Human Rights Commission. In the area of workers' compensation, the involvement of one presiding authority, rather than several, during the various steps of the hearing stage would be beneficial to the prompt disposition of claims for benefits. Such a person would, for example, be in a better position, concerning a claim for benefits, to anticipate and forestall needless continuances. As *W.Va. Code*, 23–5–3a [1971],

which the commissioner must make a determination after final hearing on objections to commissioner decisions. In 1935, the Legislature enacted a 30 day requirement within which the commissioner must set a time and place for the hearing of evidence on objections to commissioner decisions. 1935 W.Va. Acts ch. 78. In 1973, the Legislature reduced this period to 15 days. 1973 W.Va. Acts ch. 141. In 1937, a provision was added to the act requiring that hearings be held on objections to commissioner decisions within 60 days after the filing of objections. 1937 W.Va. Acts. ch. 104. In 1973, the Legislature reduced this period to 30 days. 1973 W.Va. Acts ch. 141. In 1935, a 60 day time requirement was enacted within which the commissioner must render his or her decision after a hearing on objections. 1935 W.Va. Acts ch. 78. In 1971, the Legislature reduced this period to 45 days. 1971 W.Va. Acts ch. 177. Then, in 1973, the Legislature reduced this period even further to 30 days. 1973 W.Va. Acts ch. 141.

indicates, it is the policy of this State to discourage such continuances.

The petitioner further contends that unjust delay in the processing of claims for workers' compensation benefits is exacerbated by "the requirement of the presence of a physician to introduce medical reports into evidence" during hearings before the Commissioner. As indicated above, the hearing process before the Commissioner is established, principally, by *W.Va. Code*, 23–5–1 [1973].

It should be noted that pursuant to *W.Va. Code*, 23–1–15 [1931], a degree of flexibility is granted to the Commissioner in terms of the evidence to be considered in a claim for benefits. That statute provides:

> The commissioner shall not be bound by the usual common-law or statutory rules of evidence, but shall adopt formal rules of practice and procedure as herein provided, and may make investigations in such manner as in his judgment is best calculated to ascertain the substantial rights of the parties and to carry out the provisions of this chapter.

*See also W.Va. Code*, 23–1–13 [1931], which states in part: "The commissioner shall adopt reasonable and proper rules of procedure, regulate and provide for ... the nature and extent of the proofs and evidence, the method of taking and furnishing the same to establish the rights to benefits or compensation ... and the method of making investigations, physical examinations and inspections...."

Under *W.Va. Code*, 23–4–8 [1975], the Commissioner, injured employee and employer are authorized to select physicians to conduct physical examinations of injured employees concerning applications for workers' compensation benefits.[9] We recently discussed that statute in *Brogan v. Workers' Compensation Commissioner*, 174 W.Va. 517, 327 S.E.2d 694 (1984).

In *Brogan*, an injured employee appealed a reduction by the Commissioner and Appeal Board of his workers' compensation benefits for permanent partial disability. This Court concluded, upon the record before us, that the reduction was improper, and we reversed the decision of the Appeal Board. Expressing our concern for the speedy and expeditious processing of claims for benefits, we held in *Brogan*, in syllabus points 3 and 5, as follows:[10]

**9.** *W.Va. Code*, 23–4–8 [1975], provides in part:
The commissioner shall have authority, after due notice to the employer and claimant, whenever in his opinion it shall be necessary, to order a claimant of compensation for a personal injury other than occupational pneumoconiosis to appear for examination before a medical examiner or examiners selected by the commissioner; and the claimant and employer, respectively, shall each have the right to select a physician of his or its own choosing and at his or its own expense to participate in such examination. The claimant and employer shall, respectively, be furnished with a copy of the report of examination made by the medical examiner or examiners selected by the commissioner. The respective physicians selected by the claimant and employer shall have the right to concur in any report made by the medical examiner or examiners selected by the commissioner, or each may file with the commissioner a separate report, which separate report shall be considered by the commissioner in passing upon the claim.

**10.** As this Court observed in *Brogan*:
Nothing in the statute, the administrative rules and regulations, or our decisions requires a physician's presence at an evidentiary hearing for his report to be received in evidence. W.Va. Code, 23–4–8 clearly contemplates that physicians' reports be submitted directly to the Commissioner.

....

Exchanging medical reports has distinct advantages over current practice, permitting earlier determination by counsel about whether to cross-examine medical experts. Also, because medical reports become a part of the record upon submission, subject to objection and the right of cross-examination, administrative hearings need not be conducted simply to introduce them, nor continuances granted to allow lawyers to decide whether to cross-examine$

....

When the Commissioner sets a case for hearing, upon objection pursuant to W.Va. Code, 23–5–1, or even earlier, the claimant and employer after reviewing any medical evidence previously exchanged, can decide whether to present direct testimony or to conduct cross-examination. The parties then promptly notify the Commissioner if their decision is to submit the claim on the medical evidence. When cross-examination is necessary, the

3. A physician's medical report is admissible in a workers' compensation case without the necessity of the physician's presence at an evidentiary hearing. The opposing party has the right to cross-examine the physician about his report and may challenge its authenticity or raise other evidentiary objections.

5. W.Va. Code, 23-4-8, when liberally construed to achieve the objectives of the workers' compensation law, requires claimants and employers to promptly exchange all medical reports and submit them directly to the Commissioner without waiting for an evidentiary hearing. Upon receipt, medical reports will become a part of the record in the case, subject to the right of an opposing party to object to their admissibility and to cross-examine the medical experts. Admissibility objections and requests for cross-examination must also be promptly submitted to the Commissioner to avoid needless evidentiary hearings.

We find *Brogan* to be dispositive of the issue raised by the petitioner concerning the introduction of medical reports into evidence before the Commissioner. We reaffirm the principles of *Brogan* in this action.[11]

Finally, the petitioner contends that the Workers' Compensation Appeal Board routinely fails to timely review the action of the Commissioner concerning claims for workers' compensation.

Pursuant to *W.Va. Code*, 23-5-2 [1981], the Appeal Board, in considering claims for workers' compensation, shall convene as follows:

[T]he board shall meet at the capitol or at such other places throughout the State as it may deem proper at regular sessions designated as "Appeal Board Hearing Days" commencing on the first Tuesday of every month or the next regular business day, for a period of at least three days, for the purpose of conducting hearings on appeals, and continuing as long as may be necessary for the proper and expeditious transaction of the hearings, decisions and other business before it.

With regard to such proceedings before the Board, the Commissioner shall, pursuant to regulation, prepare and transmit claim files to the Board "within thirty working days from the date of receipt of notice of appeal in the Fund" [12] and shall,

---

Commissioner should be notified about issuing subpoenas. *See* W.Va. Code, 23-1-9. *Brogan* opinion at 10, 11 and 12-13.

11. In addition to the provisions of *W.Va. Code*, 23-4-8 [1975], concerning the submission of medical reports to the Commissioner, *see W.Va. Code*, 23-1-8 [1931], the Commissioner shall have the power to "compel the attendance of witnesses and the production of pertinent books, accounts, papers, records, documents and testimony."; *W.Va. Code*, 23-2-2(a) [1984], employers "shall furnish the commissioner, upon request, all information required by him *to carry out the purposes of this chapter.*" and *W.Va. Code*, 23-4-7(a) [1978], "the prompt dissemination of medical information to the commissioner ... is essential...."

12. In this action, both the petitioner and the respondents have submitted administrative regulations relating to appeals from the Commissioner to the Appeal Board concerning claims for workers' compensation benefits.

Petitioner's exhibit A, attached to the petition, is entitled "West Virginia Administrative Regulations Workers' Compensation Commissioner Chapter 23-1 Series VI (1984)." Those rules, which became effective on June 6, 1984, were promulgated pursuant to the Commissioner's

rule making authority under *W.Va. Code*, 23-1-13 [1931], and in response to *Meadows v. Lewis*, *supra*.

Section 8 of those regulations is entitled "*Commissioner's Final Decision; Appeal.*" That section provides in part:

8.02. *Appeal.* Upon receipt of written notices of appeal, notices shall be issued acknowledging receipt of the appeals and advising the parties that the claims will be transmitted to the Appeal Board. Such notices shall be issued within fifteen working days from the date of receipt of notice of appeal in the Fund. Claim files shall be prepared and transmitted to the Appeal Board within thirty working days from the date of receipt of notice of appeal in the Fund.

Furthermore, respondent's exhibit no. 3, attached to the response, concerns proposed amendments to the Rules of Practice and Procedure of the Workers' Compensation Appeal Board. As indicated by letter dated October 12, 1983, those proposed amendments were, pursuant to *W.Va. Code*, 23-5-2 [1981], submitted to this Court for approval. The proposed amendments, *inter alia*, make continuances in claims before the Board somewhat less obtainable than under the rules they seek to amend. However, the proposed amendments do not provide, as

pursuant to statute, "forthwith make up a transcript of the proceedings before him and certify and transmit the same to the board." *W.Va. Code,* 23–5–3 [1953].

*W.Va. Code,* 23–5–3 [1953], further provides:

> The board shall review the action of the commissioner complained of at its next meeting after the filing of notice of appeal, provided such notice of appeal shall have been filed thirty days before such meeting of the board, unless such review be postponed by agreement of parties or by the board for good cause.
>
> . . . .
>
> All appeals from the action of the commissioner shall be decided by the board at the same session at which they are heard, unless good cause for delay thereof be shown and entered of record.

Although this Court is not unmindful of the substantial number of cases routinely brought before the Appeal Board for disposition, we observed in *Meadows v. Lewis, supra,* as follows:

> It is important to note, however, that the appeal board is subject to certain statutory time limitations similar to those imposed upon the commissioner. The board must meet monthly for "as long as may be necessary for the proper and expeditious transaction of the hearings, decisions and other business before it." W.Va. Code § 23–5–2. The board is also subject to the statutory requirement that "the rights of claimants for [workers'] compensation be determined as speedily and expeditiously as possible...." W.Va. Code § 23–5–3a. In a proper case, mandamus would lie to compel a prompt determination by the board of the merits of a claim before it for consideration.

172 W.Va. at 474, 307 S.E.2d at 642–43.

"[I]n view of the severe economic hardships which immediately befall the families of injured or deceased workmen," *W.Va. Code,* 23–5–3a [1971], it is essential that claims for workers' compensation be re-

solved promptly. The duties of the respondents in that regard, as set forth above, are clear.

Therefore, this Court holds that the West Virginia Workers' Compensation Commissioner and Appeal Board are subject to the following statutory and regulatory time requirements concerning the processing before the Board of claims for workers' compensation benefits: (1) regular sessions of the Board, designated as "Appeal Board Hearing Days," shall, pursuant to *W.Va. Code,* 23–5–2 [1981], continue "as long as may be necessary for the proper and expeditious transaction of the hearings, decisions and other business before it," (2) upon appeal, the Commissioner shall, pursuant to Commissioner's regulation ch. 23–1, series VI, 8.02 (1984), prepare and transmit claim files to the Board "within thirty working days from the date of receipt of notice of appeal in the Fund," (3) the Commissioner shall, pursuant to *W.Va. Code,* 23–5–3 [1953], "forthwith make up a transcript of the proceedings before him and certify and transmit the same to the board," (4) the Board shall, pursuant to *W.Va. Code,* 23–5–3 [1953], review actions of the Commissioner "at its next meeting after the filing of notice of appeal, provided such notice of appeal shall have been filed thirty days before such meeting of the board, unless such review be postponed by agreement of parties or by the board for good cause" and (5) "[a]ll appeals from the action of the commissioner shall [pursuant to *W.Va. Code,* 23–5–3 [1953]] be decided by the board at the same session at which they are heard, unless good cause for delay thereof be shown and entered of record." Those requirements are essential to the speedy and expeditious determination of the rights of claimants for workers' compensation benefits and are, therefore, mandatory.

All other issues raised by the petitioner in this action are without merit.

Upon all of the above, the respondents are hereby directed to process in a manner

---

does *W.Va. Code,* 23–5–3 [1953], that "[a]ll appeals from the action of the commissioner shall be *decided* by the board at the same session at

which they are heard, unless good cause for delay thereof be shown and entered of record." (emphasis added).

consistent with the principles of this opinion the claim of Basil O'Dell Scites for workers' compensation benefits.

Writ granted as moulded.