381 S.E.2d 743

Johnny BIAS

v.

**WORKERS' COMPENSATION COMMISSIONER and Eastern Associated Coal Corporation.**

No. 18975.

Supreme Court of Appeals of West Virginia.

June 8, 1989.

Lawrence W. Burdette, Jr., Charleston, for Johnny Bias.

Sarah E. Smith, Bowles, McDavid, Graff & Love, Charleston, for Eastern Assoc. Coal Corp.

NEELY, Justice:

The claimant appeals from a final order of the Workers' Compensation Appeal Board that did not consider the merits of his case, but rather, dismissed his appeal because his lawyer failed to submit a brief accompanied by a proper certificate of service. The issue is whether the Workers' Compensation Appeal Board was justified in dismissing the claimant's appeal because of his lawyer's failure to follow the rules and procedures of the Appeal Board. Because of our traditional concern for injured workers, we reverse the decision of the Appeal Board and remand the case to the Appeal Board for consideration on the merits.

The claimant injured his back on 11 September 1985 when he was hauling solid cinder block over uneven ground. In an attending physician's report dated 8 April 1986, Harold L. Casto, a chiropractor, indicated that he did not anticipate any permanent injury to the claimant as a result of the injury. Colin M. Craythorne, M.D., an orthopedic surgeon, who examined the claimant twice at the request of the Commissioner, reported on 7 April 1986 that the claimant had improved, but continued to experience pain. Dr. Craythorne concluded that the claimant would "continue with intermittent pain in his low back secondary to the strain" and estimated the claimant's impairment to be 5%. On 26 September 1986 the Commissioner entered an order denying claimant a permanent partial disability award.

The claimant's lawyer, Lawrence W. Burdette, Jr., by letter dated 9 October 1986 protested the Commissioner's order. Mr. Burdette submitted a new report dated 24 October 1986 from Dr. Casto stating that based on test results performed on 11 March 1986, he estimated that claimant had of 13% whole person impairment.

On 5 April 1988, Mr. Burdette, without informing opposing counsel, requested the Commissioner enter an order based on Dr. Casto's 24 October 1986 medical report. On 18 May 1988, the Commissioner denied the motion because (1) "this report does not fall in the provisions of *W. Va. Code*, 23–4–7a(c)," and (2) "[c]laimant's counsel has not sent a copy of his motion to employer's counsel ... in clear violation of Workers' Compensation Fund Procedural Rule, 23–1, Series VII, Section 2.13(a) ..."

The Commissioner entered a final order dated 12 July 1988, noting that the claimant had previously received a 5% permanent partial disability award for a back injury, and holding that the claimant suffered no permanent partial disability as a result of the current injury. Mr. Burdette appealed the Commissioner's final order and served the claimant's brief on the Appeal Board and the Commissioner according to the certificate of service, attached thereto, dated 8 August 1988. Employer's counsel, according to her affidavit, dated and received by the Appeal Board on 1 November 1988, did not receive claimant's brief from Mr. Burdette, but rather, received the brief from the Appeal Board on 31 October 1988.

In an order dated 15 December 1988, the Appeal Board noted that it had sent Mr. Burdette a letter dated 5 August 1988 discussing "the fact that Mr. Burdette often fails to attach a Certificate of Service, which reflects service upon opposing counsel, to briefs submitted to the Appeal Board" and warning that any future failures would result in dismissal of the appeal. Because the claimant's brief, submitted by Mr. Burdette on 8 August 1988, lacked a proper certificate of service, the Appeal Board dismissed the claimant's appeal.

I

*W. Va. Code*, 23–5–2 [1981] grants rule making power to the Appeal Board and provides in pertinent part:

> The board shall, from time to time, compile and promulgate such rules of practice and procedure as to it shall appear proper for the prompt and efficient discharge of its business and such rules shall be submitted to the supreme court of appeals for approval, and if approved by such court shall have the same force and effect as the approved rules of procedure of circuit courts.

Pursuant to this authority the Appeal Board promulgated rules of practice and procedure that were approved by this Court on 19 December 1985. Rule 3(B) requires that briefs submitted to the Board include a "[c]ertificate of service reflecting service of the brief upon the opposing party and the Commissioner." Rule 4 states:

> In the event that any appellant represented by counsel shall fail to file a brief within the time period prescribed by Rule 3(A) or any extension pursuant to this rule, the Board shall dismiss the appeal for failure to prosecute.

Because Rule 3(A) determines the filing deadline of the appellee's brief by the filing date of appellant's brief, any failure to

provide a brief to opposing counsel throws a monkey wrench into the whole process and is very serious indeed.

■ The rules and regulations of the Appeal Board, along with the workers' compensation laws, must be liberally interpreted to assure workers proper compensation. Our liberal construction of the workers' compensation laws is longstanding. See, *Poccardi v. Ott*, 82 W.Va. 497, 96 S.E. 790 (1918); *Culurides v. Ott*, 78 W.Va. 696, 90 S.E. 270 (1916); and *Mercer v. Ott*, 78 W.Va. 629, 89 S.E. 952 (1916). We have also required liberal interpretations of the rules and regulations of the Appeal Board. *Spaulding v. State Workmen's Compensation Comm'r.*, 157 W.Va. 849, 205 S.E.2d 130 (1974) (allowing notice of appeal to be conveyed by letter rather than prescribed form). *See also Scites v. Huffman*, 174 W.Va. 191, 324 S.E.2d 152 (1984) (requiring the Commissioner and the Appeal Board to comply with mandatory time limits). Recently we have continued to enforce the liberality rule. *See Smith v. Workers' Compensation Comm'r.*, 179 W.Va. 782, 373 S.E.2d 495 (1988) (rejecting a procedural argument barring a second injury life award).

■ In the present case, it is not disputed that Mr. Burdette failed to file the claimant's brief with a proper certificate of service. However, the failure to file a proper brief should not confound a claimant's rights, particularly when opposing counsel, though her own diligence, was not prejudiced and the Appeal Board was aware of a problem. The legislature declared in *W. Va. Code*, 23–5–3a [1971] that "[i]t is also the policy of this chapter to prohibit the denial of just claims of injured or deceased workmen or their dependents on technicalities." *See Smith, supra* 179 W.Va. at 788, 373 S.E.2d at 501; *Boggs v. State Workmen's Compensation Comm'r.*, 163 W.Va. 413, 256 S.E.2d 890 (1979); *Griffith v. State Workmen's Com-*

*pensation Comm'r.*, 157 W.Va. 837, 205 S.E.2d 157 (1974).

The Appeal Board was aware that on other occasions Mr. Burdette had submitted similarly defective briefs and, by letter advised him of the problem. The Appeal Board sought to insure Mr. Burdette's compliance in future cases with its reasonable requirements by denying this claim.[1] However, the Appeal Board's decision denied the claimant the opportunity for a determination on the merits.

■ Although we appreciate the Appeal Board's frustration, the proper method for dealing with lawyer misconduct before the Appeal Board is through the Legal Ethics Committee of the West Virginia State Bar rather than rejecting a claimant's appeal. We hold that upon the discovery of lawyer misconduct the Workers' Compensation Appeal Board should not take action detrimental to a claimant's appeal, but should file a complaint concerning the misconduct with the Legal Ethics Committee pursuant to the *By–Laws* of the West Virginia State Bar, art. VI, § 1 and § 4. *See Carey v. Dostert*, 170 W.Va. 334, 294 S.E.2d 137 (1982) (requiring a circuit judge who discovers lawyer misconduct to complain to the Legal Ethics Committee).

This decision is limited to proceedings before the Workers' Compensation Commissioner and the Appeal Board because, unlike litigation in circuit court, the Commissioner and Appeal Board, by design, operate as impersonal machines processing a large volume of cases with limited monetary value. Accordingly, the use of outcome-related sanctions to control lawyer conduct is less justified in the Workers' Compensation process than it is in court litigation. Full recovery by a workers' compensation claimant through a malpractice action is entirely theoretical.

---

1. The exclusive authority to define, regulate and control the practice of law in West Virginia is vested in the Supreme Court of Appeals. *See W. Va. Const.*, art. VIII, § 1. *See also State ex rel. Frieson v. Isner*, 168 W.Va. 758, 285 S.E.2d 641 (1981); Syllabus Point 1, *State ex rel. Barker v. Manchin*, 167 W.Va. 155, 279 S.E.2d 622 (1981); *State ex rel. Quelch v. Daugherty*, 172 W.Va. 422, 306 S.E.2d 233 (1983); *State ex rel. Haught v. Donnahoe*, 174 W.Va. 27, 321 S.E.2d 677 (1984).

Considering the purpose and the spirit of the compensation laws, we find that it is not in the interest of justice to permit the denial of a claimant's appeal in order to discipline the claimant's lawyer. This decision in no manner deprives the Appeal Board of its authority to control appeal procedures or to dismiss claims when lawyers have filed to invoke jurisdiction by filing appeals within jurisdictional time limits. However, the Appeal Board should distinguish between technical violations and malpractice so egregious that it vitiates jurisdiction and avoid the adjudication of claims on the merits for mere technical violations.

We, therefore, reverse the Appeal Board and remand this case for further proceedings consistent with this opinion.

Reversed and Remanded with Directions.